UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN GRANGER,

                Plaintiff,

- against -

GILL ABSTRACT CORPORATION and NAN GILL,

                Defendants.

------------------------------------------------------------x

Civ. Action No. 07-CV-3491(PKC)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS'S CROSS MOTION FOR SUMMARY JUDGMENT**

**I.     PRELIMINARY STATEMENT**

       Defendants Gill Abstract Corporation and Nan Gill (collectively the "Defendants") oppose Plaintiff John Granger's ("Plaintiff") motion for summary judgment and cross move for summary judgment dismissing Plaintiff's monetary damages claims in their entirety. As court will see from the evidence submitted herewith, it is undeniable that Plaintiff's title insurance rate calculator (the "Rate Calculator") was removed from Gill Abstract Corporation's website well before June 30, 2006, the date of copyright registration of the rate calculator. Plaintiff has submitted no admissible evidence to the contrary. Moreover, Plaintiff has provided no admissible or credible evidence that suggest a causal connection between Plaintiff's lost profits claims, Defendants' profits and any alleged copyright infringement by Defendants.

Accordingly, Plaintiff's damages as alleged in the complaint must be limited to actual damages, and all other claims Plaintiff's claims for monetary damages must be dismissed accordingly. At best Plaintiff's claims for monetary damages are speculative.

At the very least Plaintiff's motion for summary judgment must be dismissed in its entirety and costs awarded to Defendants as discovery has not yet been completed and there is a genuine issue of fact to be tried.

## II.   INTRODUCTION

For the third time, in a transparent attempt to harass and increase defendants Gill Abstract Corporation ("Abstract") and Nan Gill (collectively the "Defendants") legal costs on or about September 17, 2007, plaintiff John Granger ("Granger") filed his third motion for summary judgment (the "Summary Judgment Motion") - even though nothing whatsoever has changed since the filing of his previous two motions for summary judgment. Moreover, Mr. Granger is fully aware that this third Summary Judgment Motion is procedurally untimely and improper. In fact, Mr. Granger's previous two motions for summary judgment were denied under the exact circumstances i.e. discovery has not been completed, making it impossible for the Defendants to properly evaluate Granger's purported "facts." More importantly, the affidavits attached hereto illustrate that even if discovery had been completed there are blatant issues of fact that warrant dismissal of Granger's Summary Judgment Motion with prejudice.

Substantively, Granger's Summary Judgment Motion defective. Granger relies on improper and unsupported conclusions for his "undisputed facts," all of which have been credibly disputed in the attached affidavits of Nan Gill, Sal Cimaglia and Drew Diskin. In short, it is indisputable that the Rate Calculator was removed from Gill Abstract Corporation's website on February 21, 2006, not on August 8, 2006. Accordingly, not only should Plaintiff's motion

for summary judgment be denied, but is undeniable that the Rate Calculator was removed from Gill Abstract's Corporation well before its June 30, 2006 registration, warranting the granting of summary judgment in favor of Defendants dismissing all of Plaintiff's claims for monetary damages. Moreover, Plaintiff has provided no credible evidence that suggests that there is a causal connection between any alleged copyright infringement and the damages that Plaintiff claims.

## II.    STANDARD

Federal Rule of Civil Procedure 56(c) permits summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." However, the Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133 (2000); *Fran Corp. v. United States,* 164 F.3d 814 (2d Cir. 1999). Once the nonmoving party comes forward with "specific facts showing that there is a genuine issue for trial," summary judgment should not be granted. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).

Unlike a motion to dismiss, a motion for summary judgment is entitled to no presumption that the facts as alleged are true. Rather, in prosecuting a motion for summary judgment, the moving party must present ***admissible*** evidence to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n.1 (3d Cir. 1995).

A court must not consider parts of an affidavit that fail to meet the standards of Rule 56(e) when considering a motion for summary judgment. *See Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004). Affidavits in support of a summary judgment motion must 1) show that the affiant is competent to testify; 2) be based on the affiant's personal knowledge, and 3) state admissible facts. Fed.R.Civ.P. 56(e). The facts stated in the affidavit must be admissible and constitute specific evidence. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Bare allegations of fact, ultimate or conclusory facts, and legal conclusions are not sufficient. *See, e.g., Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998).

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

#### i. Plaintiff's Pre Discovery Motion For Summary Judgment Is Premature

Here, Granger has failed to fulfill its initial burden of providing admissible evidence of the material facts. Not only has Granger put forth unsubstantiated, self serving assertions, Defendants have not been provided an opportunity to conduct appropriate discovery to submit the supporting material contemplated by Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (where the court stated "[t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery..."). Despite serving document demands, Plaintiff has refused to comply. Defendants have not had the opportunity to review any documentary evidence or to make an accurate assessment of any of Plaintiff's claims. In fact a discovery conference is scheduled in this matter for October 30, 2007.

Moreover, the Court dismissed Plaintiff's two previous pre discovery motions for summary judgment on identical grounds. Nevertheless, Plaintiff still continues to harass Defendants with this repetitive and moot third motion for summary judgment. Since nothing has

NEWYORK_MIDTOWN\643034\1 194986.000

changed since Plaintiff's first two motions, Plaintiff's third motion for summary judgment is repetitive and premature and must be denied. It is respectfully requested that the Court deny Plaintiff's motion with prejudice.

  ii. **Plaintiff's Motion For Summary Judgment Should Be Denied Because There Are Numerous Issues Of Fact That Can Only Be Resolved At Trial.**

As can be seen from the affidavits submitted herewith there are numerous issues of fact at hand. Firstly, Plaintiff alleges that the his title insurance rate calculator Rate Calculator was on Abstract's website until August, 2006. As Nan Gill, Drew Diskin, Sal Cimaglia all testify, this is simply not true. The Rate Calculator was removed on February 21, 2006. This is also confirmed by the internet archive the Wayback Machine.

Secondly, Plaintiff alleges that Defendants willfully infringed Plaintiff's copyright and committed fraud. However, when the disposition of a case depends on the intent of the parties, a "trial court must be cautious about granting summary judgment". *Gillespie*, 2001 U.S. Dist. LEXIS 1997, at 16 (*citing Gallo v. Prudential Res. Servs. LP*, 22F.3d 1219, 1223-24 (2d Cir. 1994). *See also Arthur Rutenberg Hones, Inc. v. Berger*, 910 F. Supp. 603, 607 (M.D. Fl) (explaining that intent is not an issue that lends itself to resolution on summary judgment). Because material facts are in dispute concerning Defendants' intent, this Court should deny Plaintiff's motion for summary judgment.

Moreover, there is an issue of fact of whether or not Plaintiff suffered any loss from Defendants' alleged copyright infringement, and also whether Defendants made any profit (Nan Gill in her affidavit denies that Defendants profited in anyway from any alleged copyright infringement).

Accordingly, there are several issues of fact that cannot be resolved in the context of this summary judgment motion, warranting denial of Plaintiff's motion with prejudice.

    **iii.**     **Defendants' Cross Motion For Summary Judgment Should Be Granted Dismissing Plaintiff's Claims For Monetary Relief.**

        **(a)**     **Plaintiff Is Not Entitled To Statutory Damages Or Lost Profits Since Any Alleged Infringement Occurred Before Registration**

A copyright infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages. *See* 17 U.S.C. § 504(a) (2004). An infringer also may be liable for "costs and attorney's fees." *Id.* § 505. To establish the profits of an infringer, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other that the copyrighted work." *Id.* § 504(b). The term "gross revenue" means "gross revenue reasonably related to the infringement, not unrelated revenues." *Davis v. The Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001). "The award of the owner's actual damages looks at the facts from the point of view of [the] copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *Id.* A plaintiff must show a "causal connection between the infringement and the defendant's profits." *Zoll v. Ruder Finn, Inc.*, 2004 U.S. Dist. LEXIS 4129, 2004 WL 527056, *2 (S.D.N.Y. Mar. 16, 2004) (quoting *Davis*, 246 F.3d at 159). A copyright owner may elect to recover statutory damages instead of actual damages and profits. 17 U.S.C. § 504(a) (2004). "A plaintiff is not entitled to elect statutory damages or to receive attorney's fees if: (1) any infringement of copyright in an unpublished work commenced before the effective date of publication; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 (2004).

As evidenced in the affidavits and exhibits attached to this motion, Plaintiff's Rate Calculator was removed from Abstract's website on February 21, 2006, well before the June 30, 2006 registration date. Moreover, this fact is proved by the internet archive the "Wayback Machine." Accordingly, Plaintiff is not entitled to statutory damages (*see Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 403-04 (2d Cir. 1989). Thus, Plaintiff can only recover actual damages under 17 U.S.C. § 504(b) if at all.

    **(b)**     **Plaintiff Is Not Entitled To Lost Profits Because There Is No Causal Link Between Any Alleged Copyright Infringement And Defendants' Profits.**

Besides the fact that Defendants have not made any profit whatsoever from any alleged copyright infringement of Plaintiff's Rate Calculator (*See* Affidavit of Nan Gill) Plaintiff cannot show a "causal link" between defendants' alleged infringement and claimed revenues. Simply put, he is not entitled to any claim of damages based on defendants' profits. *See Davis*, 246 F.3d at 160 (only profits "related to the infringement" are available to the owner); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522-23 (4th Cir. 2003); *Zoll v. Ruder Finn, Inc.*, 2004 U.S. Dist. LEXIS 4129, 2004 WL 527056. Plaintiff has not alleged any "causal connection between the infringement and [defendants'] profits." *Zoll*, 2004 U.S. Dist. LEXIS 4129, 2004 WL 527056, (*quoting Davis*, 246 F.3d at 160). As explained by Nan Gill in her affidavit, there is simply no "logical or evidentiary connection between the alleged violations and the defendants' profits." *See Zoll*, 2004 U.S. Dist. LEXIS 4129, 2004 WL 527056; *see also Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992) (holding defendant entitled to show "elements of profit attributable to factors other than the copyrighted work" (citing 17 U.S.C. § 504(b)).

Accordingly, Plaintiff's claims for lost profits must be summarily dismissed. *See also Mager v. Brand New School*, 2004 WL 2413978, 2004 U.S. Dist. LEXIS 21686 (S.D.N.Y), annexed and incorporated to this memorandum of law. This is especially true in light of the fact of that Defendants did not profit in anyway whatsoever from any alleged copyright infringement.

### iv. Defendants' Are Entitled To The Costs Incurred In Defending This Third Motion For Summary Judgment.

Plaintiff continues to harass the Defendants by forcing them to respond to this third motion for summary judgment – even though nothing whatsoever has changed since Plaintiff's previous two motions for summary judgment. Discovery has not yet been completed, and Plaintiff has repeatedly refused to have discussions with Defendants counsel to resolve any outstanding issues. In short, Plaintiff is simply acting in bad faith in a transparent attempt to increase Defendants' legal fees and force them into a settlement. Defendants have undergone significant expense in preparing this response to Granger's procedurally and substantively deficient third Summary Judgment Motion. Since Plaintiff's motion cannot be justified, Defendants respectfully request that this court order Plaintiff to pay Defendants' fees and costs incurred in defending this repetitive motion.

## IV. CONCLUSION

For the foregoing reasons, and pursuant to Federal Rules of Civil Procedure 54 and 56, the Gill Defendants respectfully request that this Court dismiss Granger's Third Motion for Summary Judgment and grant the Defendant's cross motion. The Defendants additionally request, pursuant to Federal Rules of Civil Procedure 54(d)(2) and 56(g), payment of their reasonable expenses, including attorneys' fees, associated with their preparation of this motion.

Dated: October 19, 2007

Respectfully submitted by:

COZEN O'CONNOR

_/s/ Dave Kissoon_

Dave Kissoon (DK 8130)
909 Third Avenue
New York, NY 10022
Telephone: 212.453.3829
Facsimile: 866.755.6386

1 of 1 DOCUMENT

DAMIAN MAGER, Plaintiff, - against - BRAND NEW SCHOOL and VIACOM, INC., Defendants.

03 Civ. 8552 (DC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2004 U.S. Dist. LEXIS 21686*

October 27, 2004, Decided
October 28, 2004, Filed

**DISPOSITION:** [*1] Defendants' motion for summary judgment dismissing claims for monetary relief granted in part. Plaintiff's motion to compel discovery granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Pro se plaintiff copyright owner brought an action for copyright infringement pursuant to the Copyright Act, *17 U.S.C.S. § 101* et seq., against defendant graphic designer and television producer alleging that they, without permission, used his design as part of a television program. Defendants sought partial summary judgment under *Fed. R. Civ. P. 56* and the owner sought to compel discovery under *Fed. R. Civ. P. 37(a)* to compel discovery.

**OVERVIEW:** The graphic designer contracted with the television producer to create an opening sequence for a television program. The opening sequence lasted approximately 70 seconds with the alleged copyright infringement lasting less than 3 seconds when the eyes of the television show's star were briefly covered by a black-and-white oval design depicting a stylized eyeball. The design was created by the copyright owner and used without his permission. Before the television show aired, approximately 1,500 stickers with the design had been put over the eyes of outdoor advertisements. The owner registered his copyright after the television show. The court held that: (1) because he did not register his work until after the alleged infringement and his registration was more than three months after his publication, the owner was not eligible for statutory damages or attorney's fees; (2) because he could not show a "causal link" between defendants' infringement and claimed revenues, he was not entitled to any damages based on profits; however, (3) the owner may have been entitled to a licensing fee from the graphic designer if he could show evidence of the design's fair market value.

**OUTCOME:** Defendants' motion for summary judgment dismissing the claims for monetary relief was granted with the exception of a licensing fee claim based on the fair market value of the design. The owner's motion to compel discovery was denied to the extent it sought evidence about defendants' profits, but it was granted to the extent the owner sought discovery on the remaining claim for non-monetary relief and the licensing fee claim.

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Summary Judgment Standard*
[HN1] Summary judgment will be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. Accordingly, the court's task is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Summary judgment is inappropriate if, resolving all ambiguities and drawing all inferences against the moving party, there exists a dispute about a material fact such that a reasonable jury could return a verdict for the nonmoving party.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof*
[HN2] To defeat a motion for summary judgment, the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Copyright Law > Infringement > Costs & Attorney Fees*

Case 1:07-cv-03491-PKC-THK    Document 12    Filed 10/22/2007    Page 11 of 15

Page 2
2004 U.S. Dist. LEXIS 21686, *1

*Copyright Law > Infringement > Damages*
[HN3] A copyright infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages. *17 U.S.C.S. § 504*(a). An infringer also may be liable for costs and attorney's fees. *17 U.S.C.S. § 505*. To establish the profits of an infringer, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other that the copyrighted work. *17 U.S.C.S. § 504*(b). The term "gross revenue" means gross revenue reasonably related to the infringement, not unrelated revenues. The award of the infringer's profits examines the facts only from the infringer's point of view. If the infringer has earned a profit, this award makes him disgorge the profit to insure that he not benefit from his wrongdoing. The award of the owner's actual damages looks at the facts from the point of view of the copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act. A plaintiff must show a causal connection between the infringement and the defendant's profits.

*Copyright Law > Infringement > Damages*
[HN4] A copyright owner may elect to recover statutory damages instead of actual damages and profits. *17 U.S.C.S. § 504*(a). A plaintiff is not entitled to elect statutory damages or to receive attorney's fees if: (1) any infringement of copyright in an unpublished work commenced before the effective date of publication; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. *17 U.S.C.S. § 412*. As a general rule, punitive damages are not awarded in a statutory copyright infringement action.

*Copyright Law > Infringement > Damages*
[HN5] *17 U.S.C.S. § 504*(c)(1) allows a copyright owner to seek statutory damages instead of actual damages and profits at any time before final judgment is rendered.

*Copyright Law > Infringement > Damages*
[HN6] *17 U.S.C.S. § 504*(c)(2) allows increases of statutory damages in cases where "willful" copyright infringement is shown.

*Copyright Law > Infringement > Damages*
[HN7] Only profits related to the infringement are available to a copyright owner.

*Copyright Law > Infringement > Damages*
[HN8] The copyright laws do not allow speculative recovery.

*Copyright Law > Infringement > Damages*

[HN9] A copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement. In establishing the infringer's gain, the assessment in every case must be guided by the rule that the statute awards the plaintiff only the profits of the infringer that are attributable to the infringement.

**COUNSEL:** DAMIAN MAGER, Plaintiff, Pro se, New York, New York.

NORWICK AND SCHAD, Attorneys for Defendants Brand New School and Viacom, Inc., By: Kenneth P. Norwick, Esq., New York, New York.

**JUDGES:** DENNY CHIN, United States District Judge.

**OPINIONBY:** DENNY CHIN

**OPINION:**

**MEMORANDUM DECISION**

**CHIN, D.J.**

Pro se plaintiff Damian Mager brings this action for copyright infringement pursuant to the Copyright Act, *17 U.S.C. § 101 et seq.*, against defendants Brand New School ("BNS") and Viacom, Inc. ("Viacom"). Plaintiff alleges that without permission defendants used plaintiff's design as part of a television program called "MTV Bash." Defendants move for partial summary judgment and plaintiff moves to compel discovery. For the reasons set forth below, both motions are granted in part and denied in part.

**BACKGROUND**

**A. The Facts**

The facts are drawn from the pleadings, various affidavits, and the parties' Rule 56.1 statements. n1 In May 2003, pursuant to a written contract for a fixed fee with Viacom, BNS created for and provided to Viacom an opening sequence [*2] (the "BNS sequence") for an MTV television program entitled "Bash." (Mantzaris Aff. P3; Pl.'s 56.1 Statement P4). "Bash" consisted of a "raunchy 'roast' of the television personality Carson Daly." (Norwick Aff. P5; Pl.'s 56.1 Statement P4). "Bash" lasted approximately 44 minutes, and opened with the BNS sequence, which lasted approximately seventy seconds. (Norwick Aff. P5; Pl.'s 56.1 Statement P7).

> n1 The Court will treat paragraph 5 of the Affirmation of Kenneth P. Norwick as defendants'

Rule 56.1 statement. Although not labeled as a "56.1 Statement," paragraph 5 is a "separate, short and concise statement of the material facts." See *Local Rule 56.1*. There is no prejudice to plaintiff, as it is evident that his 56.1 statement is a response to paragraph 5 of the Norwick Affirmation. In a later filing defendants informed the Court that this summary was intended to be defendants' 56.1 statement. (See Norwick Supp. Aff. P4).

The alleged copyright infringement occurred near the end of the BNS sequence, when [*3] the eyes of Carson Daly were each briefly covered by a black-and-white oval design depicting a stylized eyeball (the "design"). (Compl. PP8-10; Norwick Aff. Ex. D). This design was created by Mager and used by BNS without Mager's permission. n2 (Pl.'s 56.1 Statement P7). Mager created the design in February 2003 by hand-drawing an eyeball and then digitally worked on the design before scanning the final version into a computer. (Mager Aff. P2). In mid-March 2003, after the design was complete, stickers and pins of the design were printed. (Id. P4). Between mid-March and mid-July, approximately 1,500 eye stickers were put over the eyes of outdoor advertisements mainly around downtown New York City. (Id. P5). It is not clear from the record whether Mager or others placed these stickers on the outdoor advertisements, and there is nothing to suggest that Mager (or anyone else) obtained permission to do this. The design has also appeared in art shows in galleries in New York City. (Id. PP6, 7).

> n2 For purposes of this motion, defendants do not contest that Mager is the valid owner of the design and that defendants did not have Mager's permission to use his design.

[*4]

The design appears in the MTV "Bash" opening sequence for less than three seconds. (Norwick Aff. Ex. D). According to BNS, the design was added to the sequence at the end of its creation by a freelance artist hired by BNS. (Mantzaris Aff. P3). BNS understood the design to be that artist's own work. (Id.). BNS contends that it spent more money creating the sequence than it received under the terms of the contract. (Id. P6). In July 2003, a friend of Mager's watched "Bash," noticed the design, and informed Mager that his work appeared in the MTV program. (Pelzek Aff. P3). "Bash" was aired on MTV on several occasions in July 2003. (Mager Aff. P12). On July 31, 2003, Mager registered his copyright in the design with the U.S. Copyright Office and subsequently received a registration certificate. (Compl. P15).

**B. Procedural History**

Plaintiff filed this action on October 29, 2003. On April 12, 2004, defendants moved pursuant to *Rule 56 of the Federal Rules of Civil Procedure* for partial summary judgment dismissing plaintiff's claims for monetary relief. On May 7, 2004, plaintiff moved pursuant to *Rule 37(a) of the Federal Rules of Civil Procedure* to compel certain [*5] discovery from defendants. On May 14, 2004, discovery was stayed pending this decision.

Plaintiff's complaint alleges copyright infringement and seeks a declaratory judgment that (1) the digital reproduction and/or derivative work of the design incorporated into the "Bash" sequence infringes plaintiff's copyright in the design; and (2) the "Bash" sequence itself infringes on plaintiff's copyright in the design. Plaintiff also seeks an order (1) enjoining defendants from directly or indirectly infringing on plaintiff's copyright in the future; (2) requiring defendants to account for and pay plaintiff all gains, profits and advantages derived from the "Bash" sequence, with interest; and (3) awarding plaintiff other relief, including punitive damages. Defendants move for partial summary judgment dismissing plaintiff's claims for monetary relief in this action.

**DISCUSSION**

For purposes of this motion, defendants do not dispute plaintiff's infringement claims. Defendants argue that notwithstanding any infringement on their part, plaintiff is not entitled to monetary damages under the copyright laws. See *17 U.S.C. §§ 504, 505 (2004)*. Plaintiff's motion [*6] to compel discovery argues that he should be permitted discovery to show, inter alia, profits and payments made by defendants so that he is able to calculate damages. After setting out the applicable law, I address both motions.

**A. Applicable Law**

**1. Summary Judgment Standard**

[HN1] Summary judgment will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)*. Accordingly, the court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. Summary judgment is inappropriate if, resolving all ambiguities and drawing all inferences against the moving party, there exists a dispute about a material fact "such that a reasonable jury could return a verdict for the

Case 1:07-cv-03491-PKC-THK   Document 12   Filed 10/22/2007   Page 13 of 15

Page 4
2004 U.S. Dist. LEXIS 21686, *6

nonmoving party." *Id. at 248-49* (citing *Adickes v. S.H. Kress & Co., 398 U.S. 144, 159, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970))*; accord *Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991).* [*7]

[HN2] To defeat a motion for summary judgment, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus., 475 U.S. at 586.* There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor. *Anderson, 477 U.S. at 249-50.* As the Court held in Anderson, "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citations omitted).

### 2. Damages For Copyright Infringement

[HN3] A copyright infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages. *17 U.S.C. § 504(a) (2004).* An infringer also may be liable for "costs and attorney's fees." *Id. § 505.* To establish the profits of an infringer, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to [*8] factors other that the copyrighted work." *Id. § 504(b).* The term "gross revenue" means "gross revenue reasonably related to the infringement, not unrelated revenues." *Davis v. The Gap, Inc., 246 F.3d 152, 160 (2d Cir. 2001).* "The award of the infringer's profits examines the facts only from the infringer's point of view. If the infringer has earned a profit, this award makes him disgorge the profit to insure that he not benefit from his wrongdoing." *Id. at 159.* "The award of the owner's actual damages looks at the facts from the point of view of [the] copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." Id. A plaintiff must show a "causal connection between the infringement and the defendant's profits." *Zoll v. Ruder Finn, Inc., 2004 U.S. Dist. LEXIS 4129, No. 02 Civ. 3652 (CSH), 2004 WL 527056, *2 (S.D.N.Y. Mar. 16, 2004)* (quoting *Davis, 246 F.3d at 159*). [HN4] A copyright owner may elect to recover statutory damages instead of actual damages and profits. *17 U.S.C. § 504(a) (2004).* "A plaintiff is not entitled to elect statutory damages or to receive attorney's [*9] fees if: (1) any infringement of copyright in an unpublished work commenced before the effective date of publication; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." *17 U.S.C. § 412 (2004).* "As a general rule, punitive damages are not awarded in a statutory copyright infringement action." *Davis, 246 F.3d at 172.*

### B. Application

#### 1. Statutory Damages

Plaintiff's complaint does not seek statutory damages, but does seek damages derived from "gains, profits and advantages derived from the ["Bash" sequence], with interest." (Compl. at 6). Nonetheless, as Mager may make an application for statutory damages later in this litigation, I address the availability of statutory damages. See [HN5] *17 U.S.C. § 504(c)(1) (2004)* (allowing a copyright owner to seek statutory damages instead of actual damages and profits "at any time before final judgment is rendered" (emphasis added)).

Mager registered his copyright in the design [*10] with the U.S. Copyright Office on July 31, 2003, after the alleged infringement occurred. (See Compl. P15; Mager Aff. P12). Mager first published his work in mid-March 2003, when his "eye stickers" were put over the eyes of outdoor advertisements in downtown New York City. (Mager Aff. P5). Copyright law does not allow an award for statutory damages or attorney's fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." *17 U.S.C. § 412 (2004).* Because Mager did not register his work until after the alleged infringement by the defendants and his registration was more than three months after his publication, Mager is not eligible for statutory damages or attorney's fees. See *Business Trends Analysts, Inc. v. Freedonia Group, Inc., 887 F.2d 399, 403-04 (2d Cir. 1989).* Thus, Mager can only recover actual damages and profits under *17 U.S.C. § 504(b) (2004).* n3

> n3 Mager's complaint also seeks punitive damages. (Compl. at 6). There is no evidence BNS or Viacom had any idea the design was Mager's work before it was used on the "Bash." Punitive damages are rarely appropriate in copyright infringement actions, and the purpose of punitive damages, to punish, is already accomplished in the statute. See [HN6] *17 U.S.C. § 504(c)(2) (2004)* (allowing increases of statutory damages in cases where "willful" infringement is shown). There was no "willful" infringement here and thus Mager is not eligible for punitive damages. See *Davis, 246 F.3d at 172* ("As a general rule, punitive damages are not awarded in a statutory copyright infringement action."). Moreover, no reasonable jury could award punitive damages here, where the design was

used during the BNS sequence for less than three seconds.

[*11]

## 2. Defendants' Profits

Mager seeks damages derived from "gains, profits and advantages derived from the ["Bash" sequence], with interest." (Compl. at 6). I conclude that because Mager cannot show a "causal link" between defendants' infringement and claimed revenues he is not entitled to any claim of damages based on defendants' profits. See *Davis, 246 F.3d at 160* [HN7] (only profits "related to the infringement" are available to the owner); *Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522-23 (4th Cir. 2003)*; *Zoll v. Ruder Finn, Inc., 2004 U.S. Dist. LEXIS 4129, 2004 WL 527056, *2*. Mager has not alleged any "causal connection between the infringement and [defendants'] profits." *Zoll, 2004 U.S. Dist. LEXIS 4129, 2004 WL 527056, *2* (quoting *Davis, 246 F.3d at 160*). This is not on account of any incompetence on Mager's part, who apparently has been receiving assistance from an attorney. Rather, it is because there is simply no "logical or evidentiary connection between the alleged violations and the defendants' profits." See *Zoll, 2004 U.S. Dist. LEXIS 4129, 2004 WL 527056, *2*; see also *Rogers v. Koons, 960 F.2d 301, 313 (2d Cir. 1992)* [*12] (holding defendant entitled to show "elements of profit attributable to factors other than the copyrighted work" (citing *17 U.S.C. § 504(b)*).

The Second Circuit has recently examined various aspects of damages under the copyright statutes in *Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001)*. The facts surrounding the alleged infringement on the part of BNS are nearly identical to the facts in the Davis case. In Davis, a jewelry designer's work was used in a series of GAP print advertisements without that designer's permission. Davis, the designer, had promoted and marketed his designs in "carefully chosen media settings." *Davis, 246 F.3d at 155* (quoting from Davis's Am. Compl. P13). Davis did not copyright his work until after discovering the Gap photographs. The Gap claimed it did not provide the subjects for the photo shoot with any eye wear and that one of the subjects was already wearing Davis's highly distinctive eye wear when he arrived for the shoot. See id. For damages, Davis submitted evidence showing Gap's profits during the period in question. See *17 U.S.C. § 504(a) (2004)*. [*13] He did not submit any evidence of what portion of the Gap's revenues were attributable to the advertisement in question. The Second Circuit affirmed the district court's decision dismissing Davis's claim as to defendant's profits because Davis "failed to show any causal connection between the infringement and defendant's profits." *Id. at 159*. Mager's claim suffers from the same shortcomings as Davis's.

[HN8] The copyright laws do not allow speculative recovery. See *Davis, 246 F.3d at 166*. The alleged infringement comprised less than three seconds of a 44-minute broadcast. One could miss it in a blink of the eye. Yet Mager seeks to disgorge BNS's profits from its contribution to the "Bash." This claim fails because it is not possible to show the required "causal connection" between the infringement and BNS's profits. BNS's opening sequence consists of a graffiti theme that lasts a little over one minute. (See Norwick Aff. Ex. D; Mantzaris Aff. P3). There is no question that BNS spent considerable time and effort developing this sequence. (See Mantzaris Aff. P3). The design appears over Carson Daly's eyes for a very brief time. While the design certainly [*14] added to the sequence, it cannot be said it was in any way significant to the overall opening sequence or the "Bash" program in general. In fact, when BNS learned from Mager that it had allegedly used his work, BNS provided another copy of the opening sequence to Viacom without the design. (See id. P5). There is no logical nexus between BNS or Viacom's profits and their use of the design. See *Davis, 246 F.3d at 166*; *Mackie v. Rieser, 296 F.3d 909, 915-16 (9th Cir. 2002)* (holding [HN9] a "copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement"); *Walker v. Forbes, Inc., 28 F.3d 409, 412 (4th Cir. 1994)* ("In establishing the infringer's gain, the assessment in every case must be guided by the rule that the statute awards the plaintiff only the profits of the infringer that are attributable to the infringement." (internal citations omitted) (emphasis in original)). Accordingly, Mager is not entitled to profits under *§ 504(b)* as a matter of law. n4

> n4 By holding that as a matter of law Mager is not entitled to defendants' profits I do not reach the parties' contentions concerning BNS's actual profits or lack thereof, or Mager's assertion that BNS "profited" from future "good will" from Viacom and MTV. (See Pl.'s Opp. Mem. at 8).

[*15]

## 3. Actual Damages

"Actual damages" are damages incurred by Mager as a result of defendants' illegal act (assuming they acted illegally). See *Davis, 246 F.3d at 159*. "A principal objective of the copyright law is to enable creators to earn a living either by selling or by licensing others to sell copies of the copyrighted work." *Id. at 165*. Mager has not sub-

mitted any evidence of losses he incurred as a result of defendants' infringement. In fact, he has not alleged that he incurred any "actual damages." His papers do suggest that he has made a "request . . . to be compensated for the use of [his] work." (Pl.'s Opp. Mem. at 8). It is not evident, however, how or when Mager made such a "request" other than in his opposition memorandum. His complaint does not seek damages in the form of compensation for BNS's use of his work. (See Compl. at 6).

Still, Mager is pro se, and his complaint and other pleadings will be construed liberally. See *Williams v. Edwards, 195 F.3d 95, 96 (2d Cir.1999)* (per curiam) (pro se pleadings are liberally construed). Mager's request to be compensated for the "use" of his design is [*16] really a request for damages in the form of a licensing fee from BNS. This may be possible if he can show a fair market value for his design. See *Davis, 246 F.3d at 165, 166* ("It seems entirely reasonable to conclude that the owner has suffered damages to the extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for."). I conclude that Mager may be entitled to a licensing fee from BNS if he can show evidence of a fair market value for the design.

The Second Circuit in Davis cautioned that damages may not be based on "undue speculation" and requires the owner to show that the copyrighted work had a fair market value. *Id. at 166*. Here, I caution plaintiff to take care to provide admissible evidence of a fair market value and not demand an "unreasonable amount[] as the license fee." See id. To this point, Mager has not submitted evidence showing the design has a fair market value, nor has he alleged any fair market value for the design. Mager claims he would have never given BNS permission to use the design if it had asked, while BNS claims that Mager is engaging in "fantasy" that discovery will [*17] generate evidence of damages. (Pl.'s Opp. Mem. at 10; Def. Reply Mem. at 4). It is not clear whether Mager sells or gives his design to others in New York City. (See Mager Aff. P5). The record also does not show whether Mager has ever received compensation or licensing fees from any group for the design or any of his other works. This "uncertainty," however, is "not [a] sufficient reason to refuse to consider this as an eligible measure of actual damages." *Davis, 246 F.3d at 166*.

Although Mager has not submitted evidence of a fair market value for the design, it is not clear that he has been given notice that he should have done so. Accordingly, I reserve decision on whether Mager can seek damages on a fair market value claim for licensing fees. As set forth below, Mager will be given an opportunity to submit evidence to show that his design has a fair market value and that he is entitled to damages for a licensing fee that was not paid by BNS. See *Davis, 246 F.3d at 165*.

#### 4. Motion to Compel Discovery

Mager seeks additional discovery from defendants to show (1) why there is no additional information about the use of the design by [*18] defendants; (2) why there are two different versions of "Bash"; and (3) the amount of money defendants pay "for the music they use in their spots or the graphic work of their artists." (Pl.'s Opp. Mem. at 2, 4, 8). This motion is denied to the extent Mager is seeking evidence about defendants' profits. It is also denied to the extent Mager seeks information concerning what defendants generally pay for licensing fees for music or other artists' work. It is granted to the extent Mager seeks information concerning what defendants paid, if anything, in the form of licensing fees for graphic work for the "Bash." It is also granted to the extent Mager seeks discovery on the remaining claim for non-monetary relief and the one claim that remains for damages in the form of a licensing fee. The parameters of the discovery must be reasonable and will be discussed at the next pre-trial conference.

### CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment dismissing plaintiff's claims for monetary relief in this action is granted with the exception that I reserve decision on whether Mager may pursue a claim for a licensing fee based on the fair market value [*19] of the design. Plaintiff's motion to compel discovery is granted in part and denied in part, as discussed above. The remaining claims are those seeking a declaratory judgment against the defendants and damages in the form of a licensing fee. The parties shall appear for a pre-trial conference on November 19, 2004 at 10:30 a.m. in Courtroom 11A of the United States Courthouse at 500 Pearl Street, New York, New York.

SO ORDERED.

Dated: New York, New York

October 27, 2004

DENNY CHIN

United States District Judge