UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN GRANGER,

|                          |                              |
|--------------------------|------------------------------|
| *Plaintiff,*             | <u>Civil Action No.</u>: 07-CV-3491(PKC) |
| -against-                | **DEFENDANTS GILL ABSTRACT CORPORATION AND NAN GILL RESPONSE TO THE RULE 56.1 STATEMENT OF MATERIAL FACTS OF PLAINTIFF AND DEFENDANTS COUNTER-STATEMENT OF UNDISPUTED FACTS** |

GILL ABSTRACT CORPORATION and
NAN GILL,

*Defendants.*
-------------------------------------------------------x

Defendants Nan Gill and Gill Abstract Corporation (collectively "Defendants"), by and through their counsel, Cozen O'Connor, respectfully submit this statement pursuant to Local Rule 56.1 of the United States District Court for the Southern District of New York, in opposition to Plaintiff's motion for summary judgment and in support of Defendants cross motion for summary judgment.

Defendants object to Plaintiff's Rule 56.1 statement in its entirety as not complying with the requirement of Local Rule 56.1 that the statement contain a "short and concise" statement of the material facts.

### DEFENDANTS RESPONSE TO THE RULE 56.1 STATEMENT OF MATERIAL FACTS OF PLAINTIFF JOHN GRANGER

1.      Plaintiff John Granger filed Plaintiff John Granger's Verified Complaint on October 5, 2006 and was assigned case number 06CV-4449.

**Defendants' Counterstatement No. 1**:

Admitted.

2.     The UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA issued a Summons on October 5, 2006 and posted it by first class mail to Plaintiff John Granger.  The UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA issued additional Summons on December 4, 2006 and posted it by first class mail to Plaintiff John Granger.

**Defendants' Counterstatement No. 2**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations. Discovery has not yet been completed.

3.     Plaintiff John Granger executed Plaintiff John Granger's Affidavit of Fact on October 13, 2006.

**Defendants' Counterstatement No. 3**:

Admitted.

4.     Plaintiff John Granger posted the Summons from Item #2 above, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact to defendant GILL ABSTRACT CORPORATION by United States Postal Service certified mail #7006-0100-0005-3833-2835 on October 14, 2006.  Defendant GILL ABSTRACT CORPORATION was served the additional Summons from Item #2 above, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact by United States Postal Service certified mail #7006-0100-0003-6159-9085 with restricted delivery on December 11, 2006.  (Plaintiff's Return of Service of Second Original Summons, Verified Complaint and Affidavit of Fact Exhibit A).

**Defendants' Counterstatement No. 4**:

NEWYORK_MIDTOWN\643318\1 194986.000

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.

5.    Plaintiff John Granger posted the Summons from Item #2 above, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact to defendant Nan Gill by United States Postal Service certified mail #7006-0100-3833-2842 on October 14, 2006. Defendant Nan Gill (Individual) was served the additional Summons from Item #2 above, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact by United States Postal Service certified mail #7006-0100-0003-6159-9078 with restricted delivery on December 11, 2006.  (Plaintiff's Return of Service of Second Original Summons, Verified Complaint and Affidavit of Fact Exhibit C).

**Defendants' Counterstatement No. 5**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.

6.    Plaintiff John Granger posted a copy of Plaintiff John Granger's Affidavit of Fact, Certificate of Service of Verified Complaint, Certificate of Service of Affidavit of Fact and a CD with Plaintiff John Granger's Verified Complaint with the Exhibits separated as requested by Ms. Kimberly Scott, Deputy Clerk for the UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF PENNSYLVANIA, Plaintiff John Granger's Affidavit of Fact, Certificate of Service of Verified Complaint, Certificate of Service of Affidavit of Fact in .PDF format for filing to Ms. Kimberly Scott, Deputy Clerk for the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA by certified mail on October 14, 2006.

NEWYORK_MIDTOWN\643318\1  194986.000

**Defendants' Counterstatement No. 6**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.

7.     According to the United States Postal Service green card Plaintiff John Granger's Affidavit of Fact, Certificate of Service of Verified Complaint, Certificate of Service of Affidavit of Fact and a CD with Plaintiff John Granger's Verified Complaint with the Exhibits separated as requested by Ms. Kimberly Scott, Deputy Clerk for the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, Plaintiff John Granger's Affidavit of Fact, Certificate of Service of Verified Complaint, Certificate of Service of Affidavit of Fact in .PDF format for filing to Ms. Kimberly Scott, Deputy Clerk for the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA by certified mail was received on October 16, 2006.

**Defendants' Counterstatement No. 7**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.

8.     According to the United States Postal Service green card the Summons, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact to defendant GILL ABSTRACT CORPORATION by certified mail was received on October 16, 2006. Defendant GILL ABSTRACT CORPORATION was served the additional Summons from Item #2 above, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact by United States Postal Service certified mail #7006-0100-0003-6159-9085 with restricted delivery on December 11, 2006. (Plaintiff's Return of Service of Second Original Summons, Verified Complaint and Affidavit of Fact Exhibit A).

NEWYORK_MIDTOWN\643318\1 194986.000

**Defendants' Counterstatement No. 8**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.

9.      According to the United States Postal Service green card the Summons, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact to defendant Nan Gill (Individual) by certified mail was received on October 16, 2006.  Defendant Nan Gill (Individual) was served the additional Summons from Item #2 above, Plaintiff John Granger's Verified Complaint and Plaintiff John Granger's Affidavit of Fact by United States Postal Service certified mail #7006-0100-0003-6159-9078 with restricted delivery on December 11, 2006.  (Plaintiff's Return of Service of Second Original Summons, Verified Complaint and Affidavit of Fact Exhibit C).

**Defendants' Counterstatement No. 9**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.

10.     John Granger is the author of John Granger's Copywritten New York Title Insurance Rate Calculator an original computer program written for the Internet.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 1 and Exhibit A).

**Defendant's Counterstatement No. 10**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.  Discovery has not yet been completed.

11.     Copyright registration Form TX #TXul-310-009 for John Granger's Copywritten New York Title Insurance Rate Calculator was issued on June 30, 2006.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 2 and Exhibit B).

**Defendants' Counterstatement No. 11**:

Admitted.

12.    On February 9, 2006 while searching the Internet John Granger discovered John

Granger's Copywritten New York Title Insurance Rate Calculator appearing on GILL

ABSTRACT CORPORATION'S website.  (Plaintiff John Granger's Affidavit of Fact dated

October 13, 2006 item 3 and Exhibit C).

**Defendants' Counterstatement No. 12**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations
contained above, and therefore deny such allegations.

13.    The "Wayback Machine" Internet archive identifies October 30, 2003 as a date John

Granger's Copywritten New York Title Insurance Rate Calculator appeared on GILL

ABSTRACT CORPORATION'S website.  (Plaintiff John Granger's Affidavit of Fact dated

October 13, 2006 item 4 and Exhibit D).

**Defendants' Counterstatement No. 13**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations
contained above, and therefore deny such allegations.  Discovery has not yet been completed.

14.    John Granger's New York Title Insurance Rate Calculator as appeared on GILL

ABSTRACT CORPORATION'S website on February 9, 2006 (Plaintiff John Granger's

Affidavit of Fact dated October 13, 2006 item 5 and Exhibits C and L) contained John Granger's

"Copyright 1998 – 2002" notice.  (Plaintiff John Granger's Affidavit of Truth dated March 2,

2007 Exhibit A – Plaintiff John Granger's First Set of Requests for Admissions items #5).

**Defendants' Counterstatement No. 14**:

Denied.  Defendants have not had the chance to complete discovery as to this allegation.

15.    John Granger's New York Title Insurance Rate Calculator as appeared on GILL ABSTRACT CORPORATION'S website on February 9, 2006 (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 6 and Exhibits C and L) contained John Granger's "All Rights Reserved" notice.  (Plaintiff John Granger's Affidavit of Truth dated March 2, 2007 Exhibit A – Plaintiff John Granger's First Set of Requests for Admissions item 5).

**Defendants' Counterstatement No. 15**:

Denied.  Defendants have not had the chance to complete discovery as this allegation.

16.    John Granger's New York Title Insurance Rate Calculator as appeared on GILL ABSTRACT CORPORATION'S website on February 9, 2006 (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 7 and Exhibits C and L) contained GILL ABSTRACT CORPORATION'S "Copyright 2006" notice.

**Gill Counterstatement No. 16**:

Denied.  Defendants have not had the chance to complete discovery as to this allegation.

17.    John Granger's New York Title Insurance Rate Calculator as appeared on GILL ABSTRACT CORPORATION'S website on February 9, 2006 (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 8 and Exhibits C and L) contained GILL ABSTRACT CORPORATION'S "All rights reserved" notice.

**Defendants' Counterstatement No. 17**:

Denied.  Defendants have not had the chance to complete discovery as to this allegation.

18.    John Granger's New York Title Insurance Rate Calculator as appeared on GILL ABSTRACT CORPORATION'S website on February 9, 2006 (Plaintiff John Granger's

NEWYORK_MIDTOWN\643318\1 194986.000

Affidavit of Fact dated October 13, 2006 item 3 and Exhibit C) did not contain John Granger's

Copyright Management Information that appears at the top of the internal source code in John

Granger's New York Title Insurance Rate Calculator found on John Granger's New York Title

Insurance Web Site:

```
< ! -- http://alphaadv.net/nytitle/nyratecalc.html" -- >
< !--  New York Title Insurance Rate Calculator -- >"
< ! -- Thank you for finding this page interesting enough to view the source code. -- >
< ! – Please respect my copyrights.  Thankx -- >"
```

(Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 9 and Exhibit E).

**Defendants' Counterstatement No. 18**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations
contained above, and therefore denies such allegations.  Discovery has not been completed.

19.    GILL ABSTRACT CORPORATION has never been authorized to use John Granger's

Copywritten  New  York  Title  Insurance  Rate  Calculator  on  GILL  ABSTRACT

CORPORATION'S website.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006

item 10 and Exhibits C and L, Plaintiff John Granger's Affidavit of Truth dated March 2, 2007

Exhibit A – Plaintiff John Granger's First Set of Requests for Admissions item 8=7).

**Defendants' Counterstatement No. 19**:

Admitted.

20.    The "Legal & Privacy Policy" page, http://www.gillabstract.com/privacy.htm, on GILL

ABSTRACT CORPORATION'S website states in part:

**"Patents, trademark and copyrighted content**

The art and photography of this website and its owner are copyrighted by US artist rights and laws. (17 USC Sec. 106) The following relates to original works and other intellectual property which form part of our web site.

In general, content, concepts and material forming part of this web site are the exclusive property of GILL ABSTRACT CORPORATION, unless expressly indicated otherwise where material may originate from a third party; in the latter instance, notice of origin is provided. Any and all material on this web site is protected by copyright law.

Material on this web site may not be reproduced or redistributed, in any form or medium, without the prior written permission of GILL ABSTRACT CORPORATION. Copyright © 2006. All rights reserved.

**Permission**
For requests related to reproducing material which is posted on this web site, permission is subject to conditions. To request permission to reproduce all or part of any material on this web site, please contact us." ({Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 1 and Exhibit F, Plaintiff John Granger's Affidavit of Truth dated March 2, 2007 Exhibit A – Plaintiff John Granger's First Set of Requests for Admission item 8).

**Defendants' Counterstatement No. 20**:

Admitted.

21.    On February 13, 2006 by certified mail John Granger requested from GILL ABSTRACT

CORPORATION a copy of GILL ABSTRACT CORPORATION'S licensing agreement to

legally use John Granger's Copywritten New York Title Insurance Rate Calculator. (Plaintiff

John Granger's Affidavit of Fact dated October 13, 2006 item 12 and Exhibit G, January 25,

2007 Transcript P14:8-11).

**Defendants' Counterstatement No. 21**:

Admitted.

22.    A letter dated February 21, 2006 sent by certified mail GILL ABSTRACT

CORPORATION stated in part "This calculator was provided by our website Administrator. We

never authorized him to use any copyrighted material and have instructed him to remove this

calculator subject to investigation." (Plaintiff John Granger's Affidavit of Fact dated October

13, 2006 item 13 and Exhibit H, January 25, 2007 Transcript P14:4-7, Plaintiff John Granger's

Affidavit of Truth dated March 2, 2007 Exhibit A – Plaintiff John Granger's First Set of

Requests for Admissions item 10, 11 and 12).

**Defendants' Counterstatement No. 22**:

Admitted.

23.    On February 27, 2006 John Granger observed GILL ABSTRACT CORPORATION had

removed John Granger's Copywritten New York Title Insurance Rate Calculator from the link

on the home page on GILL ABSTRACT CORPORATION'S website after receiving John

Granger's request for a copy of GILL ABSTRACT CORPORATION'S licensing agreement to

legally use John Granger's Copywritten New York Title Insurance Rate Calculator.  (Plaintiff

John Granger's Affidavit of Fact dated October 13, 2006 item 14 and Exhibit G, January 25,

2007 P14:10-11).

**Defendants' Counterstatement No. 23**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations
contained above, and therefore denies such allegations. However, Defendants aver that John
Granger's title insurance calculator was removed in its entirety from the Gill Abstract
Corporation's website on February 21, 2006 as confirmed in, the affidavits of Nan Gill, Drew
Diskin and Sal Cimaglia attached to this motion. This also evidenced by the internet archive the
"Wayback Machine."

24.    On February 27, 2006 Plaintiff John Granger observed GILL ABSTRACT

CORPORATION continued to use Plaintiff John Granger's Copywritten New York Title

Insurance Rate Calculator at URL:

http:www.gillabstract.com/abstract_title_insurance_rates_calculator.htm on GILL ABSTRACT

CORPORATION'S website after receiving John Granger's request for a copy of GILL

ABSTRACT CORPORATION'S licensing agreement to legally use John Granger's Copywritten New York Title Insurance Rate Calculator. (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 15 and Exhibits G, L, January 25, 2007 Transcript P7:21 – P8:11, P16:7-11).

**Defendants' Counterstatement No. 24**:

Denied. Defendants aver that John Granger's title insurance calculator was removed in its entirety from the Gill Abstract Corporation's website on February 21, 2006 as confirmed in, the affidavits of Nan Gill, Drew Diskin and Sal Cimaglia. This also evidenced by the internet archive the "Wayback Machine."

25.     On February 27, 2006 Plaintiff John Granger observed GILL ABSTRACT CORPORATION continued to use Plaintiff John Granger's Copywritten New York Title Insurance Rate Calculator at URL:

http://www.gillabstract.com/abstract_title_insurance_rates_calculator.htm on GILL ABSTRACT CORPORATION'S website with John Granger's Copyright Management Information removed from the internal source code after receiving John Granger's request for a copy of GILL ABSTRACT CORPORATION'S licensing agreement to legally use John Granger's Copywritten New York Title Insurance Rate Calculator. (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 16 and Exhibit G).

**Defendants' Counterstatement No. 25**:

Denied. Defendants aver that John Granger's title insurance calculator was removed in its entirety from the Gill Abstract Corporation's website on February 21, 2006 as confirmed in, the affidavits of Nan Gill, Drew Diskin and Cimaglia. This is also confirmed by the internet archive the "Wayback Machine."

NEWYORK_MIDTOWN\643318\1  194986.000

26.    On February 27, 2006 Plaintiff John Granger observed GILL ABSTRACT CORPORATION continued to misrepresent Plaintiff John Granger's Copywritten New York Title Insurance Rate Calculator at URL:

http://www.gillabstract.com/abstract_title_insurance_rates_calculator.htm on GILL ABSTRACT CORPORATION'S website as Copywritten with All rights reserved by GILL ABSTRACT CORPORATION after receiving John Granger's request for a copy of GILL ABSTRACT CORPORATION'S licensing agreement to legally use John Granger's Copywritten New York Title Insurance Rate Calculator (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 17 and Exhibits G and L, Plaintiff John Granger's Affidavit of Truth dated March 2, 2007 Exhibit A – Plaintiff John Granger's First Set of Requests for Admissions item 7).

**Defendants' Counterstatement No. 26**:

Denied. Defendants aver that John Granger's title insurance calculator was removed in its entirety from the Gill Abstract Corporation's website on February 21, 2006 as confirmed in, the affidavits of Nan Gill, Drew Diskin and Sal Cimaglia.  This is also confirmed by the internet archive the "Wayback Machine."

27.    On March 9, 2006 by certified mail Plaintiff John Granger noticed GILL ABSTRACT CORPORATION of Acknowledgment of Use of Copywritten material without license.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 18 and Exhibit I).

**Defendants' Counterstatement No. 27**:

Admitted.

28.    GILL ABSTRACT CORPORATION did not respond to Plaintiff John Granger's notice of Acknowledgment of Use of Copywritten material without license.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 19 and Exhibit I).

NEWYORK_MIDTOWN\643318\1  194986.000

**Defendants' Counterstatement No. 28**:

Denied.  At all material times Defendants informed Plaintiff that the Rate Calculator had been removed from Gill Abstract Corporation's website on February 21, 2001.

29.    On May 16, 2006 by certified mail Plaintiff John Granger noticed GILL ABSTRACT CORPORATION to Cease and Desist Use of Copywritten material without license.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 20 and Exhibit J).

**Defendants' Counterstatement No. 29**:

Admitted.

30.    In a letter dated May 22, 2006 GILL ABSTRACT CORPORATION stated "Please be advised that I am not using your rates calculator.  Please go and look, I am not using your rates calculator."  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 21 and Exhibit K, January 25, 2007 Transcript P16:7-11).

**Defendants' Counterstatement No. 30**:

Admitted.

31.    On May 25, 2006 Plaintiff John Granger received GILL ABSTRACT CORPORATION'S letter dated May 22, 2006 (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 Exhibit K) and John Granger did "go and look".  Documented on May 26, 2006.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 22 and Exhibit L, January 25, 2007 Transcript P7:21 – P8:11, P16:7-11).

**Defendants' Counterstatement No. 31**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.  Discovery has not yet been completed.

NEWYORK_MIDTOWN\643318\1  194986.000

32.    On May 25, 2006 Plaintiff John Granger observed GILL ABSTRACT CORPORATION

continued to use Plaintiff John Granger's Copywritten New York Title Insurance Rate Calculator

on    GILL    ABSTRACT    CORPORATION'S    website    at    URL:

http://www.gillabstract.com/abstract_title_insurance_rates_calculator.htm    (Plaintiff    John

Granger's Affidavit of Fact dated October 13, 2006 Exhibit L) after GILL ABSTRACT

CORPORATION received John Granger's Notice to Cease and Desist Use of Copywritten

material without license ((Plaintiff John Granger's Affidavit of Fact dated October 13, 2006

Exhibit J) while denying that John Granger's Copywritten New York Title Insurance Rate

Calculator was still on GILL ABSTRACT CORPORATION'S website.    (Plaintiff John

Granger's Affidavit of Fact dated October 13, 2006 item 23 and Exhibit K, January 25, 2007

Transcript P7:21 – P8:11, P16:7-11).

### Defendants' Counterstatement No. 32:

Denied. Defendants aver that John Granger's title insurance calculator was removed in its
entirety from the Gill Abstract Corporation's website on February 21, 2006 as confirmed in, the
affidavits of Nan Gill, Drew Diskin and Sal Cimaglia.  This is also confirmed by the internet
archive the "Wayback Machine."

33.    On May 25, 2006 Plaintiff John Granger observed GILL ABSTRACT CORPORATION

continued to use Plaintiff John Granger's Copywritten New York Title Insurance Rate Calculator

on    GILL    ABSTRACT    CORPORATION'S    website    at    URL:

http://www.gillabstract.com/abstract_title_insurance_rates_calculator.htrm    (Plaintiff    John

Granger's Affidavit of Fact dated October 13, 2006 Exhibit L) with John Granger's Copyright

Management Information removed from the internal source code (Plaintiff John Granger's

Affidavit of Fact dated October 13, 2006 Exhibit E) after GILL ABSTRACT CORPORATION

received John Granger's Notice to Cease and Desist Use of Copywritten material without license

(Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 Exhibit J) while denying that John Granger's Copywritten New York Title Insurance Rate Calculator was still on GILL ABSTRACT CORPORATION'S website.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 24 and Exhibit K).

**Defendants' Counterstatement No. 33**:

Denied. Defendants aver that John Granger's title insurance calculator was removed in its entirety from the Gill Abstract Corporation's website on February 21, 2006 as confirmed in, the affidavits of Nan Gill, Drew Diskin and Sal Cimaglia.  This is also confirmed by the internet archive the "Wayback Machine."

34.    On May 25, 2006 Plaintiff John Granger observed GILL ABSTRACT CORPORATION continued to misrepresent Plaintiff John Granger's Copywritten New York Title Insurance Rate Calculator on GILL ABSTRACT CORPORATION'S website at URL: http://www.gilabstract.com/abstract_title_insurance_rates_calculator.htm    (Plaintiff John Granger's Affidavit of Fact Exhibit L0 as Copywritten with All rights reserved by GILL ABSTRACT CORPORATION (Plaintiff John Granger's Affidavit of Truth dated March 2, 2007 Exhibit A – Plaintiff John Granger's First Set of Requests for Admissions item 7) after receiving John Granger's Affidavit of Fact Exhibit J) while denying that John Granger's Copyrwitten New York Title Insurance Rate Calculator was still on GILL ABSTRACT CORPORATION'S website.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 25 and Exhibit K).

**Defendants' Counterstatement No. 34**:

Denied. Defendants aver that John Granger's title insurance calculator was removed in its entirety from the Gill Abstract Corporation's website on February 21, 2006 as confirmed in, the affidavits of Nan Gill, Drew Diskin and Sal Cimaglia.  This is also confirmed by the internet archive the "Wayback Machine."

NEWYORK_MIDTOWN\643318\1  194986.000

35.    On June 8, 2006 Plaintiff John Granger sent a Digital Millennium Copyright Act (DMCA) "take down" notice request to Network Solutions by certified mail.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 26 and Exhibit M).

**Defendants' Counterstatement No. 35**:

Admitted.

36.    On June 12, 2006 Plaintiff John Granger received an e-mail from Network Solutions that stated in part "We are in receipt of your letter dated June 8, 2006, concerning content on the Web site located at http://www.gillabstract.com/.  Please be advised that Network Solutions does not provide Web hosting for this Web site.  The Web site is hosted by another company."  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 27 and Exhibit N).

**Defendants' Counterstatement No. 36**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.  Discovery has not yet been completed.

37.    On June 16, 2006 Plaintiff John Granger sent a Digital Millennium Copyright Act (DMCA) "take down" notice request to Mzima by certified mail.  (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 28 and Exhibit O).

**Defendants' Counterstatement No. 37**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations.  Discovery has not yet been completed.

38.    On July 21, 2006 Plaintiff John Granger received an e-mail from Mzima that stated in part "We apologize for not getting back to you sooner… We have finished the review of your notice, and the site in question is hosted by one of our customers on their own infrastructure.

The companies name is Globat http://www.globat.com,". (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 29 and Exhibit P).

**Defendants' Counterstatement No. 38:**

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations. Discovery has not yet been completed.

39.    On July 25, 2006 Plaintiff John Granger sent a Digital Millennium Copyright Act (DMCA) "take down" notice request to Globat LLC by certified mail. (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 30 and Exhibit Q. January 25, 2007 Transcript P7:21 – P8:11, P16:7-11).

**Defendants' Counterstatement No. 39:**

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations. Discovery has not yet been completed.

40.    On August 8, 2006 at 8:10 PM Plaintiff John Granger received a message on Plaintiff John Granger's telephone answering machine from Drew Diskin (703) 644-0381 which stated "Hi John, this Drew Diskin, ah, I had a question regarding your web site, ah, and the issues you have with Gill Abstract web site, I just want to clarify some information with you and if you would please feel free to call me at my home it's (703) 644-0381, and, ah, I just want to make sure everything is off the web site, you had some issues regarding a mortgage calculator she told me to put up, I warned her of implications, but we put it up, ah, [word un decipherable] me to do, I put it up, got your letter, cease and desist, I put it down, I told you to take the links out, that is what I did, I just want to make sure everything is ok with you and just wanted to answer any questions you had, you can reach me at my home (703) 644-0381, appreciate your help, look

NEWYORK_MIDTOWN\643318\1  194986.000

forward to talking to you." (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 31).

**Defendants' Counterstatement No. 40**:

Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained above, and therefore deny such allegations. Discovery has not yet been completed.

41.    On August 8, 2006 Plaintiff John Granger observed Plaintiff John Granger's Copywritten New York Title Insurance Rate Calculator appearing on GILL ABSTRACT CORPORATION'S website at URL:

http://www.gilabstract.com/abstract_title_insurance_rates_calculator.htm    was    removed.    for GILL ABSTRACT CORPORATION'S website. (Plaintiff John Granger's Affidavit of Fact dated October 13, 2006 item 32 and Exhibit R, January 25, 2007 Transcript P7:21 – P8:11, P16:7-11).

**Defendants' Counterstatement No. 41**:

Denied. Defendants aver that John Granger's title insurance calculator was removed in its entirety from the Gill Abstract Corporation's website on February 21, 2006 as confirmed in, the affidavits of Nan Gill, Drew Diskin and Sal Cimaglia. This is also confirmed by the internet archive the "Wayback Machine."

42.    Defendant GILL ABSTRACT CORPORATION is a New York corporation. (Defendant GILL ABSTRACT CORPORATION'S Answer to Plaintiff's Complaint #5).

**Defendants' Counterstatement No. 42**:

Admitted.

43.    Defendant Nan Gill (Individual) is a New York resident. (Defendant GILL ABSTRACT CORPORATION'S Answer to Plaintiff's Complaint #6).

**Defendants' Counterstatement No. 43**:

Admitted.

44.    Plaintiff John Granger's First Request for Admissions was personally served on Camille

Miller on January 25, 2007 and to date GILL ABSTRACT CORPORATION has not answered.

**Defendants' Counterstatement No. 44**:

Denied.  Defendants aver that John Granger's First Request for Admissions were procedurally
defective and untimely and accordingly did not warrant a response.

45.    On March 9, 2007 the Court ordered the case transferred to the SOUTHERN DISTRICT

OF NEW YORK and was assigned SOUTHERN DISTRICT OF NEW YORK case number 07-

3491.

**Defendants' Counterstatement No. 45**:

Admitted.

46.    Plaintiff John Granger's Second Request for Admissions was mailed on May 29, 2007

and to date GILL ABSTRACT CORPORATION has not answered.

**Defendants' Counterstatement No. 46**:

Admitted. Defendants aver that John Granger's Second Request for Admissions were
procedurally defective and untimely and accordingly did not warrant a response.  Defendants
aver that discovery issues have not been resolved and a request was made to Magistrate Katz to
suspend discovery until a discovery conference dated October 30, 2007, at which time discovery
guidelines will be set.

47.    Plaintiff John Granger's Third Request for Admissions was served on July 23, 2007 and

to date GILL ABSTRACT CORPORATION has not answered.

**Defendants' Counterstatement No. 47**:

Admitted. Defendants aver that John Granger's Second Request for Admissions were procedurally defective and untimely and accordingly did not warrant a response. Defendants aver that discovery issues have not been resolved and a request was made to Magistrate Katz to suspend discovery until a discovery conference dated October 30, 2007, at which time discovery guidelines will be set.

## DEFENDANTS COUNTERSTATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1:

48.     Gill Abstract Corporation is, *inter alia*, a title insurance provider.

49.     On or about February 17, 2006, Nan Gill received a letter from John Granger dated February 13, 2007 claiming that Gill Abstract Corporation's website contained a title insurance calculator owned by John Granger.

50.     On or about February 19, 2006, Nan Gill contacted Drew Diskin, Gill Abstract Corporation's web administrator to remove John Granger's calculator and replace it with a calculator provided by Sal Cimaglia and S.K. Consulting. This is evidenced by email correspondence among Nan Gill, Drew Diskin and Sal Cimaglia, and the affidavits of Drew Diskin and Sal Cimaglia, which are attached to this motion.

51.     On or about February 21, 2006, Drew Diskin and Sal Cimaglia confirmed that John Granger's title insurance rate calculator had been removed from Gill Abstract Corporation's website. This is evidenced by email correspondence among Nan Gill, Drew Diskin and Sal Cimaglia, and the affidavits of Drew Diskin and Sal Cimaglia, which are attached to this motion.

52.     John Granger's title insurance rate calculator was removed from Gill Abstract Corporation's website on February 21, 2006. This is evidenced by email correspondence among Nan Gill, Drew Diskin and Sal Cimaglia, and the affidavits of Drew Diskin and Sal Cimaglia, which are attached to this motion. This is also evidenced by a printout from the internet archive

NEWYORK_MIDTOWN\643318\1  194986.000

the "Wayback Machine", an archive that tracks and stores all changes made to websites www.archive.org.

53.     Plaintiff title insurance rate calculator was registered on June 30, 2006. This is evidenced by the registration notice.

54.     John Granger's title insurance rate calculator was removed from Gill Abstract Corporation's website before June 30, 2006. This is evidenced by email correspondence among Nan Gill, Drew Diskin and Sal Cimaglia, and the affidavits of Drew Diskin and Sal Cimaglia, which are attached to this motion. This is also evidenced by the internet archive entitled the Wayback Machine located on the world wide web at www.archive.org.

55.     The internet archive entitled the Wayback Machine located on the world wide web at www.archive.org proves that John Granger's title insurance rate calculator was removed from Gill Abstract Corporation's website before June 30, 2006.

56.     Plaintiff has submitted no admissible evidence that Gill Abstract Corporation's website contained Plaintiff's title insurance rate calculator after the June 30, 2006 registration was obtained, and is not entitled to statutory damages.

58.     Defendants did not profit from the use of Plaintiff's rate calculator. See Affidavit of Nan Gill. Plaintiff has submitted no admissible evidence proving that he is entitled to damages for lost profits. There is no logical or evidential connection between the alleged violations and the Defendants' profits if any.

59.     At no time did Defendants willfully or intentionally infringe any purported copyright held by Plaintiff. See Affidavit of Nan Gill.

NEWYORK_MIDTOWN\643318\1  194986.000

60.    Plaintiff has submitted no evidence of actual damages.

Dated: New York, New York
       October 19, 2007

Respectfully submitted,

**COZEN O'CONNOR, P.C.**

By:_____
      Dave Kissoon, Esq. (DK 8130)
      909 Third Avenue, 17th Floor
      New York, New York 10022
      Telephone: (212) 453-3829
      Facsimile:  (212) 644-7485

      *Attorneys for Defendants*
      *Nan Gill and Gill Abstract Corporation*

22