

## COZEN O'CONNOR



RECEIVED
FEB 29 2008
CHAMBERS OF
THEODORE H KATZ
U.S. MAGISTRATE JUDGE

A PROFESSIONAL CORPORATION

17TH FLOOR   909 THIRD AVENUE   NEW YORK, NY 10022-7431
212.509.9400   800.437.7040   212.207.4938 FAX   www.cozen.com

February 28, 2008

**Via Facsimile (212-805-7932)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/08

Aaron P. Georghiades
Direct Phone 212-453-3890
Direct Fax    877-526-3076
ageorghiades@cozen.com

Hon. Theodore Katz
United States Magistrate Judge
United States Courthouse
500 Pearl St., Room 1660
Courtroom 17A
New York, New York 10007

Re:   Granger v. Gill Abstract Corp. et al.
      07-Civ-3491

## MEMO ENDORSED

Dear Judge Katz:

    Our firm represents Nan Gill and Gill Abstract Corporation ("Gill defendants") in the above-captioned matter. I write to advise of plaintiff John Granger's ("Granger") improper efforts to obtain additional discovery after the January 31, 2008 discovery deadline set forth in Your Honor's October 30, 2007 discovery conference scheduling order. A copy of that order is enclosed.

    On February 26, 2008, Granger, via email, improperly sought additional discovery from Drew Diskin, an additional defendant here. A copy of Granger's e-mail communication is enclosed.

    This Court was clear during the January 30 telephone conference. The parties were given the opportunity to identify and discuss all outstanding discovery issues. This Court then ruled on and ordered production of certain categories of outstanding discovery on or before February 15. Granger, unhappy that the additional documents produced further support the Gill defendants' position regarding his inability to obtain statutory damages in this case, now seeks even more discovery in a futile effort to bolster his suspect case.

    Granger's conduct further evidences the bad faith he had demonstrated throughout this litigation. Although discovery clearly reflects that Granger is not entitled to statutory damages, and Granger has admitted to a minimal royalty rate for the calculator at issue, Granger has

COPIES MAILED
TO COUNSEL OF RECORD ON 3/5/08

Hon. Theodore Katz
February 28, 2008
Page 2

refused to enter into any settlement dialogue. Instead, he has pursued a strategy of prohibitively increasing the Gill defendants' defense costs in an effort to extort an increased settlement amount.[1] Granger has done nothing to prove his case. To the contrary, his actions have served only to increase the gulf between the value of this case and its costs to the defendants and this Court. Moreover, the Gill defendants have no remedy. Although they have served a Rule 68 Offer of Judgment, which has been rejected, they have no assurance that Granger possesses the funds to make them whole should their Rule 68 offer of judgment come to fruition.

Accordingly, the Gill defendants respectfully request that this Court order Granger to comply with the October 30, 2007 scheduling order. In addition, the Gill defendants seek sanctions in the form of the costs associated with preparing this letter and any other costs the Gill defendants are forced to expend related to this issue. Finally, the Gill defendants respectfully reiterate their request for a settlement conference to facilitate an amicable, measured and economically proportionate resolution to this case.

If you have any questions, please contact me at the above telephone number.

Respectfully yours,

COZEN O'CONNOR

By: Aaron P. Georghiades

APG
Enc.
cc: Drew Diskin, Inertia, LLC, Third Party Defendants, *pro se*
5871 Kara Place
Burke, VA 22015

John Granger
2820 Audubon Village Drive
Suite 339
Audubon, Pennsylvania 19403

*Plaintiff's discovery request is untimely and need not be responded to.*

**SO ORDERED**
3/5/08
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

---

[1] On January 17, 2008, defendants offered Mr. Granger $15,000 to settle this case pursuant to Rule 68 FRCP, despite his actual damages as a result of admitted license fees amounting to no more than $700-$1500.