USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JOHN GRANGER,                       :
                                    :
            Plaintiff,              :
                                    :        07 Civ. 03491 (PKC)(THK)
                                    :               PRO SE
      -against-                     :
                                    :          **REPORT AND**
GILL ABSTRACT CORP., et al.         :          **RECOMMENDATION**
                                    :
            Defendants.             :
----------------------------------X

**TO: HON. P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE.**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

In this action, Plaintiff John Granger ("Plaintiff") sues Defendants Gill Abstract Corp. ("GAC") and Nan Gill ("Gill") (collectively, "Defendants") for (1) copyright infringement, (2) misrepresentation of copyright, (3) fraudulent removal of copyright, (4) tortious interference with prospective economic advantage, and (5) unfair, deceptive, and fraudulent business practices.[1]

Presently before the Court are the parties' cross-motions for summary judgment, both brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff seeks summary judgment on all counts of his Complaint, even though his motion contains little or no discussion or caselaw regarding the majority of his claims. Defendants seek partial summary judgment in the form of a determination that Plaintiff is not entitled to recover statutory damages under the Copyright Act because of the timing of his

---

[1] In a third-party Complaint that is not relevant to this Report and Recommendation, Defendants sued Drew Diskin and Inertia LLC seeking indemnity and contribution for any amounts for which they are held liable to Plaintiff.

copyright registration, and not entitled to recover Defendants'
profits because he has failed to demonstrate a causal link between
Defendants' profits and infringement of Plaintiff's copyright.
Plaintiff has also filed motions to strike Defendants' motion for
summary judgment and many of the affidavits Defendants submitted in
connection with their response to Plaintiff's motion for summary
judgment.

The motions were referred to this Court for a Report and
Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For
the reasons set forth below, this Court recommends that Plaintiffs'
motion for summary judgment be granted in part and denied in part,
that Defendants' motion for summary judgment be granted, and that
Plaintiff's motions to strike be denied.

## BACKGROUND[2]

Plaintiff is the author of a New York title insurance rate
calculator ("Calculator"). The Calculator is an original computer
program Plaintiff wrote for the internet and for which he obtained
copyright registration on June 30, 2006. Defendant GAC is a title
insurance agency that sells, among other things, title and mortgage
insurance to the public. At all relevant times, Gill has been the

---

[2] The facts set forth herein are derived from Plaintiff's
"Third Undisputed Facts" (referred to herein as "Pl.'s 56.1
Stmt."). Although Defendants denied some of Plaintiff's factual
assertions, they did so only based on lack of knowledge because
discovery had not yet been completed. In any event, as set forth
below, by letter dated April 1, 2008, Defendants conceded
liability as to infringement of Plaintiff's copyrighted
calculator, thus making any potential disputes about Plaintiff's
factual assertions academic.

owner and managing principal of GAC.

On February 9, 2006, Plaintiff discovered that his Calculator was available through GAC's website. Upon subsequent investigation, with an internet archive mechanism called the "Wayback Machine," Plaintiff determined that his Calculator had been on GAC's website since at least October 30, 2003. On February 13, 2006, Plaintiff sent GAC a copy of his licensing agreement, which would have been required in order to use the Calculator legally. GAC responded, by letter dated February 21, 2006, that the Calculator was placed on GAC's website by its website administrator, Inertia LLC, who GAC never authorized to use copyrighted material. GAC also advised Plaintiff that it had instructed Inertia's manager, Drew Diskin, to remove the Calculator subject to investigation.

On February 27, 2006, Plaintiff visited GAC's website and observed that the Calculator had been removed from the link on GAC's website, but that the Calculator was still accessible through a URL address associated with GAC.[3]    Plaintiff also observed that his copyright management information had been removed from the "internal source code." (Pl.'s 56.1 Stmt., ¶¶ 17-18.) On March 9, 2006, Plaintiff sent GAC an "Acknowledgment of Use of Copywritten material without license." On May 16, 2006, Plaintiff sent GAC a "Cease and Desist Use of Copywritten material without license." A week later, in a letter to Plaintiff dated May 22,

---

[3] There is some dispute as to when exactly the Calculator was completely removed and inaccessible through GAC's home page and any URL address.

3

2006, GAC stated that it was not using Plaintiff's Calculator. Upon receipt of that letter, Plaintiff again returned to GAC's website and concluded that the Calculator was still available through a URL address, even though it had been removed as a link on GAC's website.[4]

On June 8, 2006, Plaintiff sent a Digital Millenium Copyright Act ("DMCA") "take down" notice to Network Solutions, which responded that it did not host GAC's website. On July 25, 2006, Plaintiff sent a DMCA "take down" notice to a company called Globat LLC, which was hosting the GAC website. On August 8, 2006, Plaintiff received a voicemail from Diskin, who advised him that he had taken the Calculator off GAC's website; Diskin also made a vague, passing reference to warning Gill of the "implications" of putting the Calculator on the GAC website in the first place. Diskin also advised Plaintiff that he could contact him if he had any questions. On the same day, Plaintiff confirmed that the Calculator was no longer available through the website or the URL address.

On October 5, 2006, Plaintiff filed a Verified Complaint against Defendants in the Eastern District of Pennsylvania. On November 15, 2006 - before Defendants had even answered Plaintiff's Complaint - Plaintiff filed his first motion for summary judgment, which was denied without prejudice the next day. Plaintiff filed

---

[4] Explained in less technical terms, this means that the Calculator was not visible on GAC's website, but that it was still accessible if someone typed a specific address into their browser or if they had previously saved that address as a "favorite" or bookmark.

4

his second motion for summary judgment on January 8, 2007, which was again denied without prejudice, on January 25, 2007. On March 9, 2007, this action was transferred to this Court. On September 21, 2007, Plaintiff filed his third motion for summary judgment (the motion currently before the Court), despite the fact that discovery had not yet been completed and the parties had not conducted a single deposition.

Thereafter, Defendants filed a cross-motion for summary judgment, wherein they seek two findings from the Court: (1) that Plaintiff is not entitled to seek statutory damages because there is no evidence that Defendants used the Calculator *after* Plaintiff received his copyright registration; and (2) that Plaintiff is not entitled to Defendants' profits because he failed to establish a causal link between use of the Calculator and profits realized by Defendants.

By letter dated April 1, 2008, after the completed submission of both Plaintiff's and Defendants' motions for summary judgment, Defendants conceded liability on the issue of copyright infringement, as alleged in Count I of Plaintiff's Complaint. Defendants also withdrew their main arguments in response to Defendants' motion – specifically, that Plaintiff's third motion for summary judgment was premature and that it involved issues of fact that could only be resolved at trial. Defendants did not, however, concede that the infringement was willful, or concede liability with respect to any claim other than Count I of Plaintiff's Complaint.

## DISCUSSION

### I.    Summary Judgment Standards

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried, and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986); Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006); Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006).  The burden of demonstrating the absence of any genuine dispute as to material facts rests upon the party seeking summary judgment.  See Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970).  Once a properly supported motion for summary judgment has been made, the burden shifts to the non-moving party to make a sufficient showing to establish the essential elements of that party's case on which it bears the burden of proof at trial.  Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003).

The non-moving party must put forth "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, courts are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505,

6

2513 (1986); Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). Nevertheless, a party opposing a motion for summary judgment cannot rely on mere speculation or conjecture. See, e.g., Conroy v. N.Y. State Dep't of Corr. Servs., 333 F.3d 88, 94 (2d Cir. 2003) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment."). However, if a plaintiff is proceeding pro se, courts are to construe the complaint and other pleadings liberally. See, e.g., Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999).

## II.  Plaintiff's Claims

In his Verified Complaint, Plaintiff asserts six causes of action: (1) "Willful Copyright Infringement," under 17 U.S.C. § 106, (2) "Misrepresentation of Copyright," under 17 U.S.C. § 106, (3) "Misrepresentation of Copyright," under 17 U.S.C. § 1202(b), (4) "Fraudulent Removal of Copyright Notice," under 17 U.S.C. 1202 § (b)(1), (5) Tortious Interference with Prospective Economic Advantage, and (6) Unfair, Deceptive and Fraudulent Business Practices, under Pennsylvania law.   Plaintiff also seeks a declaratory judgment that Defendants' use of his Calculator constitutes copyright infringement.

### A.  Copyright Infringement

#### 1.  Liability

As set forth above, by letter dated April 1, 2008, Defendants notified the Court that, in an effort to "expedite the resolution of this matter," they "concede[d] liability strictly on the issue of copyright infringement, as alleged in Count I of Plaintiff's

7

Complaint." (See April 1, 2008 letter to the Court from Aaron P. Georghiades, Esq.) Thus, Plaintiff is entitled to a finding of liability on Count I of his Complaint, and the only task remaining for the Court is to assess recoverable damages.

### 2.   Copyright Damages

A plaintiff in a copyright infringement action must elect to pursue either actual damages or statutory damages. See 17 U.S.C. §§ 504 (b) & (c); see also Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 107 (2d Cir. 2001); Hamil America, Inc. v. GFI, 193 F.3d 92, 105 (2d Cir. 1999). This election can be made "at any time before final judgment is rendered." 17 U.S.C. § 504(c)(1); see also Mager v. Brand New School, No. 03 Civ. 8552 (DC), 2004 WL 2413978, at *4 (S.D.N.Y. Oct. 28, 2004).[5] If a plaintiff chooses to pursue actual damages, he is entitled to recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504 (b); see also Hamil, 193 F.3d at 103.

Although the statute goes on to state that, for purposes of establishing the infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue" and that the defendant bears the burden of establishing deductible expenses, 17 U.S.C. § 504(b), "the term 'gross revenue' . . . means gross revenue reasonably related to the infringement, not unrelated

_____

[5] As set forth below, in numerous submissions to the Court, Plaintiff has repeatedly and consistently maintained that he is seeking actual - not statutory - damages.

8

revenues." On Davis v. The Gap, Inc., 246 F.3d 152, 160 (2d Cir. 2001). Thus, a plaintiff does not carry his burden simply by submitting overall gross revenues that are, at least in part, unrelated to the infringement at issue. Id. at 161; see also Mager, 2004 WL 2413978, at *4. To the contrary, a plaintiff must show a "causal link" between the infringement and the revenues. See Davis, 246 F.3d at 160; Mager, 2004 WL 2413978, at *4.

Moreover, if a party elects to pursue actual, as opposed to statutory damages, he foregoes the ability to receive an enhancement based on the willfulness of the alleged infringement, which is only available in connection with statutory damages. See 17 U.S.C. § 504(b) & (c); see also Viacom Int'l, Inc. v. YouTube, Inc., 540 F. Supp. 2d 461, 462-63 (S.D.N.Y. 2008). Finally, irrespective of whether a plaintiff is seeking actual or statutory damages, "punitive damages are not available under the Copyright Act of 1976." Oboler v. Goldin, 714 F.2d 211, 213 (2d Cir. 1983); see also Viacom, 540 F. Supp. 2d at 462-63.

Plaintiff has repeatedly advised Defendants and this Court that he is only seeking actual damages in this matter. (See e.g., Complaint at 9; Plaintiff's Memorandum In Support Of Plaintiff's Reply To Defendant(s) Response to Plaintiff's Third Motion for Summary Judgment ("Pl.'s Opp.") at 38 ("Plaintiff Is Entitled To Actual Damages And Profits"); October 30, 2007 Transcript ("I am claiming actual damages and lost profits . . . for some reason, these people keep claiming that I'm claiming statutory damages and I've never once done that"); March 12, 2008 Letter from Plaintiff

9

to the Court ("I have never asked for statutory damages! I have asked for is (sic) actual damages and profits as authorized by law!"). Consequently, for purposes of the pending motions, this Court will address the scope of actual damages that are available to Plaintiff.

### a. Plaintiff's Actual Damages

Although Plaintiff did not submit admissible evidence regarding his yearly licensing fees for the Calculator during the relevant time period, he advised this Court during a January 30, 2008 discovery conference that his annual licensing fee was $350 in 2005 and $500 in 2006. (See January 30, 2008 Transcript, at 51-52.) Defendants do not contest these numbers, and the Court will accept them as true. Based on these numbers – and giving Plaintiff every benefit of the doubt as to the amount of time the Calculator was accessible through GAC's website and application of the $500 licensing fee for that entire period – Plaintiff's maximum possible recovery based on his actual damages would be $1500.[6] See, e.g., On Davis, 246 F.3d at 160 (a reasonable royalty or license fee may serve as the only "actual damages" under the Copyright Act).

### b. Defendants' Profits

Notwithstanding the modest amount of Plaintiff's actual damages, he seeks a preposterous $766,260,000.00 as a result of Defendants' infringement of his Calculator. Plaintiff arrives at

---

[6] Plaintiff has not alleged - much less shown - that the infringement caused him other forms of actual damages such as lost sales, lost opportunities to license, or diminution in the value of the copyright.

this outlandish figure by arguing that, by failing to respond to his Third Set of Requests To Admit ("Requests"), Defendants - a small title insurance company in Goshen, New York and its owner - admitted minimum gross profits of $7,740,000.00 per month. (See Plaintiff's Motion, at 13-14.)  Plaintiff further claims that by failing to respond to his Requests, Defendants also admitted that all of these profits stem from use of his Calculator.  The problems with this theory of entitlement to profits are, not surprisingly, numerous.

First, Plaintiff's reliance on Defendants' alleged failure to respond to his Requests, and the admissions that he claims follow therefrom, is entirely misplaced.  (See Pl.s' Opp., at 44 ("Plaintiff's John Granger's claims for monetary damages are not speculative they are definitive due to Defendant(s) Admissions!").) Although Plaintiff did serve Requests to Admit that contained these numbers, to which Defendants did not respond, Defendants notified Plaintiff, by letter dated December 14, 2007, that they were not obligated to respond to the Requests because they were unsigned.[7] This constitutes a legitimate basis for not responding to the Requests.  See Fed. R. Civ. P. 26(g) ("parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed . . . .").  Plaintiff, however, ignored Defendants' objection to his Requests and never signed and re-served his Requests.  Consequently, Defendants' failure to respond to the

--------

[7] Plaintiff submitted a copy of his Third Set of Requests to Admit as an exhibit to his Motion, and they are, in fact, unsigned.  (See Motion, at Second Ex. A.)

11

unsigned Requests does not constitute an admission of any of the statements contained therein.[8]

Second, during the course of discovery, Defendant GAC produced its tax returns for the three years at issue in this litigation. Although the parties did not submit the actual returns to the Court as exhibits to their motions, there is apparently no dispute between them that GAC's 2004 tax returns show a loss, the 2005 returns show a gain of approximately $25,000, and the 2006 returns show a gain of $4,000. (See October 30, 2007 Transcript, at 12; January 30, 2008 Transcript, at 36.) These returns highlight the absurdity of Plaintiff basing his entire damage calculation on alleged admissions of annual gross profits of $93 million.

Third, once Defendants' alleged admissions are put aside, it becomes clear that Plaintiff has no evidence whatsoever regarding what portion of GAC's profits can be attributed to infringement of the Calculator. Indeed, Plaintiff readily admits that he is relying exclusively on Defendants' alleged admissions to arrive at his damage figures. (See Pl.'s Opp., at 44 ("Defendant(s) Admissions as to the facts and amounts form the basis for Plaintiff John Granger's Third Motion for Summary Judgment!").) This is

---

[8] In all events, courts have discretion as to whether to deem facts admitted as a result of a failure to respond to requests to admit. See Fed. R. Civ. P. 36(b) (court may permit withdrawal or amendment of a matter admitted if it would promote the presentation of the merits of the action and not result in prejudice). Because the Court does not believe that a technical, rather than an overt, admission to a profit figure that is completely unhinged from reality would promote the presentation of the merits, the Court would have allowed Defendants to withdraw or amend their alleged admissions even if the Requests had been signed in accordance with Fed. R. Civ. P. 26(g).

12

plainly insufficient because, as set forth above, Defendants did not make any admissions. Moreover, in order to recover Defendants' profits, Plaintiff is required to establish a "causal link" between GAC's profits and the infringement. See e.g., On Davis, 246 F.3d at 160; Mager, 2004 WL 2413978, at *4. Plaintiff did not even attempt to make any such showing, and cannot, therefore, recover any portion of Defendants' profits - which total, at most, $29,000 over the relevant three-year period.[9]  Consequently, the Court recommends that Defendants' cross-motion - for a finding that Plaintiff is not entitled to recover GAC's profits - be granted.[10]

In connection with Count I, Plaintiff also seeks attorneys' fees under 17 U.S.C. § 1203(b)(5). Plaintiff, however, is not an attorney and attorneys' fees are not awarded to non-attorney pro se

---

[9] There is no sound basis to assume that a small title insurance company, operating in a small town in New York State, secured all or even most of its business because it had a rate calculator on its website.  Thus, the Court is mindful of the difficulties Plaintiff would encounter in attempting to establish which, if any, of GAC's profits flowed from use of the Calculator, as opposed to other sources.  But it is for this exact reason that the Copyright Act allows a plaintiff, under certain circumstances, to seek statutory damages.  See e.g., Personal Publications, Inc. v. Sagittarius Broadcasting Corp., No. 94 Civ. 4333 (DLC), 1996 WL 734902 (S.D.N.Y. Dec. 24, 1996) ("If a plaintiff is unable to demonstrate actual damages [which include defendants' profits], its only option is statutory damages."); Latin American Music Co., Inc. v. Spanish Broadcasting Systems, Inc., 866 F.Supp. 780, 782 (S.D.N.Y. 1994) (same).

[10] In this regard, the Court notes that, with the exception of a limited number of trial depositions that may or may not be necessary after resolution of the current motions, discovery is closed.  (See March 19, 2008 Order.)  Thus, even if it were theoretically possible to demonstrate what portion of Defendants' profits are directly attributable to the Calculator, Plaintiff has provided no basis for making such a showing.

13

plaintiffs. See, e.g., Falcone v. I.R.S., 466 U.S. 908, 908 (1984) (collecting cases from circuits); SEC v. Price Waterhouse, 41 F.3d 805, 808 (2d Cir. 1994) (pro se litigants - attorney or not - cannot recover attorneys' fees pursuant to Equal Access to Justice Act); Arias-Zeballos v. Tan, No. 06 Civ. 1268 (GEL)(KNF), 2007 WL 1946542, at *1 (S.D.N.Y. June 27, 2007) ("a pro se litigant does not incur attorney's fees"); Colvin v. O'Connor, 98 F.3d 1345, 1345 (9th Cir. 1996) (denying pro se litigant's request for attorneys' fees in copyright action). The Court, therefore, recommends that Plaintiff's request for attorneys' be denied.

For all of the foregoing reasons, the Court recommends that Plaintiff's Motion, with respect to liability on Count I, be granted, and that Defendants' motion with respect to Plaintiff's inability to seek their profits also be granted. Thus, Plaintiff's potential recovery for Defendant's infringement of his copyright, under Count I of the Complaint, is limited to the licensing fees Plaintiff would have charged Defendants.

B.    Plaintiff's Other Claims

Although Plaintiff purports to bring his Motion on all counts of his Complaint, Plaintiff provides little or no discussion regarding these claims in his Motion, does not address the elements of these claims, and does not provide any legal authorities to support his motion with respect to these claims.   The Court, therefore, recommends denying Plaintiff's Motion with respect to Counts II through VI of his Complaint.   See e.g., Abrams v. Johnson,   521   U.S.   74,   78,   117   S.Ct.   1925,   1930   (1997)

14

("[A]ppellants did not brief their fifth contention, and we will not address it."); Gibson v. DiRubbio, No. 99 Civ. 3202 (LAP), 2000 WL 1159553, at *5 (S.D.N.Y. Aug. 16, 2000) ("Defendants do not address these claims in their motion, and I will not consider them here."). The Court notes, however, that with respect to Plaintiff's other copyright claims (Counts II through IV), Plaintiff does not request damages different than the actual damages he seeks under Count I (see Complaint, at 9), nor is the Court aware of any additional damages Plaintiff could receive under these claims. Consequently, for Counts II through IV, Plaintiff is limited to the same damages he can recover under Count I.

Plaintiff provides no discussion, in his Complaint or otherwise, of his remaining non-copyright claims for Tortious Interference (Count V) and Unfair, Deceptive and Fraudulent Business Practices under Pennsylvania law (Count VI). Nor does Plaintiff submit any evidence to support these claims. It is apparent that these claims cannot be maintained. For example, a claim for tortious interference with prospective business requires: (1) the existence of a prospective business relationship; (2) defendants' knowledge of, and interference with, such relationship; (3) defendant's malice or use of wrongful means; and (4) harm to plaintiff. See, e.g., Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2d Cir. 2003) (applying New York law); Infosage, Inc. v. Mellon Ventures, L.P., 896 A.2d 616, 627 (2006) (applying similar standards under Pennsylvania law). The Complaint does not state any facts to satisfy these elements and, at no point in the

15

litigation thus far, has Plaintiff made any such allegations. Similarly, in order to state a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-2 & 201-3, a plaintiff must be a "person who made a purchase, primarily for personal, family, or household purposes." Balderston v. Medtronic Sofamor Danek, Inc., 152 F. Supp. 2d 772, 776 (E.D. Pa. 2001) (internal quotations omitted). Plaintiff, however, has never alleged that he purchased anything in connection with this dispute.

Accordingly, to the extent that Plaintiff has not already abandoned these claims, the Court recommends that they be dismissed due to the fact that discovery is now closed and Plaintiff does not make the requisite allegations, much less provide the necessary evidence, to support these claims.

III. Defendants' Cross-Motion

Defendants advance two arguments in their cross-motion for summary judgment. The first argument – that Plaintiff cannot recover Defendants' profits because he did not establish a causal connection between the infringement and the profits – was addressed above. Defendants' second argument is that Plaintiff cannot seek statutory damages under the Copyright Act as a result of the infringement. The premise of this argument is that because Defendants allegedly removed the Calculator from the GAC website in February, 2006, and Plaintiff did not receive a copyright registration for the Calculator until June, 2006, the infringement occurred prior to registration. Plaintiff, however, strenuously disputes that the Calculator was removed from GAC's website in

16

February, 2006, and argues that it was not fully removed until August 8, 2006 - after Plaintiff received copyright registration on June 30, 2006.

This discussion is largely academic, as Plaintiff has made clear that he has no intention of seeking statutory damages. Nevertheless, if resolution of this argument actually turned on the specific date on which the Calculator was removed from the website, as the parties apparently believe that it should, there would be a factual issue which would preclude summary judgment in Defendants' favor as to the availability of statutory damages. Defendants, however, misinterpret the relevant statutory provision. Section 412 of the Copyright Act states, in pertinent part: "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for - (1) any infringement of copyright in an unpublished work *commenced* before the effective date of its registration." 17 U.S.C. § 412(1) (2005) (emphasis added).[11]

Defendants' argument that Plaintiff is not entitled to statutory damages, because they removed the Calculator before registration, misses the mark. The key fact, which is undisputed, is that GAC's infringement "commenced" before registration. Thus, "the alleged acts of infringement that [may have] occurred after the copyright was registered do not constitute new acts of

_____

[11] On the Certificate of Registration for the Calculator, Plaintiff did not enter any information in Section 3(b), which is the section relating to the date of first publication. (See John Granger's 13, 2006 Affidavit of Fact, at Exhibit B.) Accordingly, the Calculator was unpublished at the time of Registration, and only Section 412(1) of the Copyright Act applies.

17

infringement but a continuation of the infringement that 'commenced' prior to registration." EZ-Tixz, Inc. v. Hit-Tix, Inc., 919 F. Supp. 728, 736 (S.D.N.Y. 1996); see also Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1012 (2d Cir. 1995) (same). Consequently, Plaintiff cannot recover statutory damages because there is no dispute that Defendants "commenced" infringement before Plaintiff registered his copyright. Put another way,

> The courts have held, based on the [text of 17 U.S.C. § 412], legislative history, and purpose, that a plaintiff may not recover statutory damages and attorneys' fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration.

Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158-59 (2d Cir. 2007); see also Johnson v. Jones, 149 F.3d 494, 506 (6th Cir. 1998) ("Every court to consider this question has come to the same conclusion; namely, that infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting infringement occurs.").

The Court need not, therefore, wade through the factual issue of when the Calculator was completely removed from the GAC website in order to conclude that Plaintiff is not entitled to statutory damages. Based on the undisputed facts, the infringement, which in this case means the placement of the Calculator on GAC's website, commenced no later than October 30, 2003, and Plaintiff did not receive copyright registration for the Calculator until June 30, 2006. Consequently, Plaintiff is not entitled to statutory damages, and the Court recommends granting Defendants' Motion.

IV. Plaintiff's Motions To Strike

Plaintiff filed numerous motions to strike in connection with Defendants' summary judgment motion and supporting papers. As an initial matter, all of Plaintiff's motions to strike are improper because Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") allows a court to strike pleadings only. See Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter"); see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Hicks, Muse, Tate, No. 02 Civ. 1334 (SAS), 2002 WL 1482625, at *6 (S.D.N.Y. July 10, 2002) (same). Motions, declarations and affidavits are not pleadings. See Fed. R. Civ. P. 7(a) (defining pleadings as the complaint, answer, counter- and crossclaims); Sierra v. United States, No. 97 Civ. 9329, 1998 WL 599715, at *9 (S.D.N.Y. Sept.10, 1998) (denying plaintiff's motion to strike defendant's motion to dismiss because a motion is not a pleading). Thus, the Court recommends denying all of Plaintiff's motions to strike because they do not comport with the restrictions of Rule 12(f).

Plaintiff's motions are without merit for other reasons. First, Plaintiff has moved to strike Defendants' cross-motion for summary judgment because, according to Plaintiff, it advances arguments - primarily relating to specific dates of usage and removal - that are inconsistent with positions Defendants took previously in discovery and in conferences before the Court. This is a wholly invalid basis upon which to request that a motion be stricken. Rule 12(f) does not allow a document to be stricken

19

because it is allegedly inconsistent with a previous position. Moreover, the Second Circuit has stated that district courts should be wary when deciding whether to grant a Rule 12(f) motion on the ground that certain pleading matter is impertinent or immaterial. See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1975); Lennon v. Seaman, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999).

Plaintiff also requests that many of Defendants' documents (Docket Entries 20 through 26) be stricken due to what he perceives as a "material falsehood within the certificate of service." (See Motion to Strike Documents 20-26, at 1.) Specifically, Plaintiff requests that the documents be stricken because the "Pitney Bowes" meter strip indicates that the documents were mailed on October 22, 2007, and not October 19, 2007, as attested to in the certificate of service. This motion to strike is also improper, for the the reasons set forth above.

Finally, Plaintiff filed motions to strike the affidavits of Gill, Diskin, and Sal Cimaglia, all of which Defendants submitted in connection with their cross-motion for summary judgment. Here, Plaintiff requests that the documents be stricken on the grounds that they contain, among other things, material falsehoods about when the Calculator was removed from the GAC website.[12] Although Plaintiff may be correct that Defendants were mistaken as to the

---

[12] This is the most legitimate of Plaintiff's reasons for striking the documents. Plaintiff also makes arguments such as (1) because Gill is represented by counsel, she is a "ward of the court" and "unable to speak," and (2) Gill's affidavit "stretches the boundary of credibility and shocks the conscience." (See Motion to Strike Gill Affidavit, at 2, 11.)

relevant dates, he does not establish that they knew their statements were inaccurate at the time they were prepared. Moreover, the accuracy of the statements and the witnesses' credibility cannot be resolved on the cross-motions for summary judgment. In all events, as set forth above, the timing of the complete removal is only relevant to establishing the specific amount of actual damages suffered by Plaintiff, which will be somewhere between $1000 and $1500. For all of the foregoing reasons, the Court concludes that there is no basis to strike the affidavits from the record.

IV. Defendants' Costs

Defendants ask for their fees and costs, pursuant to Federal Rules of Civil Procedure 54(d)(2) and 56(g), in responding to both Plaintiff's Motion for Summary Judgment and Plaintiff's numerous Motions to Strike. The rules upon which Defendants rely do not support these requests. See Fed. R. Civ. P. 54(d)(2) (applies to post-judgment relief) & 56(g) (applies to affidavits submitted in bad faith). In all events, however, the Court denies these requests, although it warns Plaintiff, specifically with respect to the motions to strike, to be mindful of the Federal Rules and to contact the pro se office for assistance if he has questions about the propriety of filing certain motions.

**CONCLUSION**

For the foregoing reasons, this Court recommends granting Plaintiffs' motion for summary judgment on the liability portion of Count I, and denying it on Counts II through VI. The Court further

21

recommends granting Defendants' motion for summary judgment on the grounds that Plaintiff is not entitled to recover Defendants' profits or statutory damages. Finally, the Court recommends that Counts V and VI be dismissed unless Plaintiff asserts, in any objections he files to the Report and Recommendation, that the Counts have not been abandoned, and he makes an offer of proof as to the facts in the record that would support each of these claims. If this Court's recommendations are adopted, the only remaining issue in this litigation is the precise amount of damages to which Plaintiff is entitled as a result of Defendants' copyright infringement, which, based on the record, appear not to exceed $1500.00, as well as third-party claims for indemnification. Given the amount remaining in controversy, however, as well as discussions with the parties during the course of settlement efforts, it appears that these third-party claims are likely to be resolved by the parties, without the need for further litigation.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Castel. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.

Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund

v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513

U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F. 2d 298,

300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992);

Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir.

1989).

                                     Respectfully submitted,


                                     _____
                                     THEODORE H. KATZ
                                     UNITED STATES MAGISTRATE JUDGE

Dated: June 23, 2008
       New York, New York


Copies mailed to:


John Granger
2820 Audubon Village Dr.
Suite 339
Audubon, PA 19403

Aaron Georghiades, Esq.
Cozen O'Connor
909 Third Avenue
New York, New York 10022

Drew Diskin
5871 Kara Place
Burke, VA 22015


                                     23