```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN GRANGER,

                        Plaintiff,              07 Civ. 3491 (PKC)(THK)

        -against-
                                                 ORDER ADOPTING REPORT
                                                 AND RECOMMENDATION

GILL ABSTRACT CORPORATION, et al.,
                        Defendants.
------------------------------------------------------------x
```

P. KEVIN CASTEL, District Judge:

       This pro se copyright infringement action is premised, in part, upon the defendants' unauthorized use of plaintiff's original and copyrighted computer program for calculating title insurance rates. The copyrighted computer program was used without authorization on the web site of defendant Gill Abstract Corporation.

       I have referred all case dispositive motions to Magistrate Judge Theodore H. Katz to hear and report. 28 U.S.C. § 636(b)(1)(B) & (C). On June 23, 2008, Magistrate Judge Katz filed and transmitted a Report and Recommendation recommending that this Court grant plaintiff's motion for summary judgment on liability on Count I and deny plaintiff's motion for summary judgment on Counts II through VI. The Report and Recommendation also recommends that defendants' motion for summary judgment be granted to the extent of preclusion of any claim for statutory damages or damages premised upon defendants' profits. It also recommends that Counts V (Tortious Interference with Prospective Economic Advantage) and VI (Unfair, Deceptive and Fraudulent Business Practices) be dismissed unless plaintiff is able to make an offer of proof of facts which, if believed, would entitle him to judgment in his favor on these claims.

2

Plaintiff has timely filed Objections to the Report and Recommendation (Docket Entry # 45) which are 54 pages in length plus exhibits. I have reviewed the motions and record de novo and consider de novo the recommended rulings in the Report and Recommendation. The record includes, among other materials, several affidavits and affirmations of Mr. Granger with exhibits. (Affidavit of October 13, 2006, "Affidavit of Truth" of July 19, 2007, Affirmation of September 17, 2007, Affirmations of November 6, 2007.) I have reviewed the transcripts of proceedings on October 30, 2007 and January 30, 2008. I have reviewed the complaint and the record of prior proceedings conducted in this action.

The Report and Recommendation of Judge Katz is well reasoned and grounded in fact and in law. It is adopted in its entirety. Copyright infringement, as alleged in Count I, is conceded in this case as to defendant Gill Abstract Corporation. Plaintiff made the election to forgo statutory damages in favor of his pursuit of actual damages. On an actual damage basis, plaintiff's total recoverable damages do not exceed $1,500 based upon the annual licensing fee charged by plaintiff to others. Damages premised upon the gross profits of Gill Abstract Corporation are without a basis in fact or law. The Report and Recommendation was correct in concluding that the defendants had a lawful basis for not responding to plaintiff's request to admit and that the unanswered requests to admit did not form a valid basis for the assessment of damages. In fact, the corporation filed tax returns that show a loss for 2004, a $25,000 gain for 2005 and a gain of $4,000 for 2006. There is no evidence that any portion of the corporation's profits is attributable to infringement. On this record, no reasonable jury could find that defendant Gill Abstract Corporation's profits are, in any respect, attributable to use of plaintiff's program on its website.

3

Plaintiff is not entitled to attorneys' fees because he is not an attorney and did not employ an attorney in pursuing the claim.

The Report and Recommendation directed plaintiff to make an offer of proof on Counts V (tortious interference with prospective business advantage) and VI (unfair, deceptive and fraudulent business practices). The evidence submitted by plaintiff would not permit a reasonable fact finder to rule in his favor on these claims. Moreover, as pleaded in this complaint, the state claims are based upon acts that would, by themselves, amount to copyright infringement and do not include any extra elements that make them qualitatively different from a copyright infringement claim; these state law claims (Counts V and VI) are preempted by the federal copyright laws. See Phillips v. Audio Active Ltd., 494 F.3d 378, 392 (2d Cir. 2007); see also Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 304-06 (2d Cir. 2004) (plaintiff's unjust enrichment claim under New York law preempted by Copyright Act); Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 716-17 (2d Cir.1992) (unfair competition claims grounded solely on copying are preempted).

Finally, the Report and Recommendation soundly and wisely recommends denial of plaintiff's motions to strike and defendants' motion for costs.

Plaintiff's motion for summary judgment is granted to the extent that liability of defendant Gill Abstract Corporation is established as to Count I and in all other respects plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted to the extent that plaintiff may not recover statutory damages or damages premised upon the profits of defendant Gill Abstract Corporation. Counts V and VI are dismissed. Plaintiff's motions to strike are denied.

4

I am referring this matter to the District's Mediation program in the hopes of fostering a settlement. I am also staying further proceedings (except for defendants' counsel's proposed motion to withdraw) until October 17, 2008 to permit the mediation process to have an opportunity to succeed.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 17, 2008