UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOHN GRANGER,

                        Plaintiff,

          -against-

GILL ABSTRACT CORPORATION and
NAN GILL,

                       Defendants.

-------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-23-09

07 Civ. 3491 (PKC)(THK)

ORDER

P. KEVIN CASTEL, U.S.D.J.

        Plaintiff, who is representing himself in this proceeding, is a self-styled "belligerent claimant". ("Plaintiff John Granger's Refusal of this Court's October 6, 2008 Order as Void," ¶ 2.)  This Court has already concluded that a prior motion by plaintiff was a violation of a court ordered stay.  (Docket # 59.)  Magistrate Judge Katz has skillfully managed discovery in this case.  (See, e.g. Conference of October 30, 2007.)  Pretrial discovery is now complete.

        Summary judgment has been granted in plaintiff's favor on Count I of the Complaint alleging copyright infringement.  For reasons that need not be repeated in this Order, the Court has already ruled that (1) plaintiff is precluded from proving lost profits for copyright infringement; (2) plaintiff's actual damages are limited to the licensing fees plaintiff would have charged defendants; and (3) plaintiff, a self represented person, cannot recover attorney's fees.  (Report and Recommendation ("R & R") filed June 23, 2008 at 10-14; Order filed July 18, 2008 adopting R & R.)  Based upon the annual licensing fees charged to others, it appears that plaintiff would be unable to prove damages in excess of

$1500.  (Order of June 23 at 2.)   With respect to Counts II (misrepresentation of copyright), Count III (misrepresentation of copyright) and Count IV (fraudulent removal of copyright notice), it has already been ruled that plaintiff's damages are limited to the same amounts recoverable on Count I. (R & R at 15; Order of June 23 at 2 adopting R & R "in its entirety".)  Summary judgment has been granted to defendants dismissing the other claims in the Complaint, Counts V and VI. ( R & R at 15-16; Order of June 23 at 3.).

Final pretrial submissions in this case were to be filed by April 24, 2009.  I will vacate that direction.  In lieu of the standard process for submitting a Joint Pretrial Order, I will direct each side to deliver to the other side a copy of each document he or they intend to offer at trial and serve and file a Pretrial Statement containing the following:

i. The names, addresses, telephone and fax numbers of Mr. Granger and trial counsel for the defendants.

ii. A brief summary by each party of the claims and defenses that the party has asserted which remain to be tried, including citations to all statutes relied on. Any claim or defense not so identified is deemed withdrawn.

iii. the name, address and telephone number of each witness who each party expects to present at trial and the same information for any witness it may call at trial.

iv. A page and line designation by each party of any deposition testimony to be offered at trial.

v. A list by each party of exhibits to be offered in its case in chief.  The list shall contain the date of the document, the author of the document, the recipient of the document and a statement whether the document was produced to the other side in discovery.

vi. A statement of the damages claimed and any relief sought, together with a summary of the expected testimony of any witness on damages and an identification of the exhibits that will support (or oppose) the damage claim, a description of the manner in which damages are calculated and a breakdown of all individual components of the damages.

vii. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed for the party to present its case.

No later than June 5, 2009 at 5 p.m, the plaintiff shall deliver the plaintiff's exhibits to defendants' counsel and serve and file the plaintiff's Pretrial Statement with the

Court. Also by June 5, 2009 at 5 p.m., the plaintiff shall serve and file any requested jury instructions and any proposed questions for jurors for use in jury selection. No later than June 19, 2009 at 5 p.m., the defendants shall deliver the defendants' exhibits to plaintiffs' counsel and serve and file the defendants' Pretrial Statement with the Court. Also by June 19, 2009 at 5 p.m., the defendants shall serve and file any requested jury instructions and any proposed questions for jurors for use in jury selection.

Defendants seek to require plaintiff to post a bond for costs in this action, pursuant to Local Rule 54.2 which provides as follows:

> The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the noncomplying party.

The premotion conference requirement is waived and defendants may file a motion under Local Rule 54.2 by May 1, 2009. Defendants are required to support their application with an affidavit or declaration setting forth their Rule 68 Offer of Judgment, a detailed estimate of the recoverable costs in this action if the judgment is not more favorable than the unaccepted offer and the good faith basis for believing that the judgment will not exceed said amount. Plaintiff may respond by May 8 and defendants may reply by May 15, 2009.

The parties are advised that if and to the extent they disagree with any Order of this Court they are free to appeal that Order upon an entry of a final judgment disposing of all claims. Until such time as there is a mandate from the United States Court of

-4-

Appeals for the Second Circuit setting aside an Order of this Court, the Court's Orders
must be obeyed. Failure to obey an order of the Court may lead to any number of
sanctions, including, but not limited to, the award of monetary sanctions, the striking of the
Complaint or other pleading or the entry of judgment by default. Disobedience of a Court
Order may also be punishable by contempt.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        April 23, 2009