UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JOHN GRANGER,

                              Plaintiff,

            -against-

GILL ABSTRACT CORPORATION and
NAN GILL,

                              Defendants.

-------------------------------------------------------------x

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED:  8/11/09                 │
└─────────────────────────────────────┘
```

07 Civ. 3491 (PKC)(THK)


ORDER

P. KEVIN CASTEL, U.S.D.J.

            In an Order filed June 22, 2009, I directed the plaintiff—a self-styled

"belligerent claimant" to file the following with the Court in connection with the

scheduling of a final pretrial conference and bringing the case to trial:

> "[A] short and concise statement of each fact (identified in a
> separately numbered paragraph) which he intends to prove at trial on the
> issue of damages and the evidence he intends to offer to prove that fact,
> identifying the proposed exhibit and the page and line(s) thereof; in the
> case of proposed testimony, he shall identify the witness and the substance
> of his or her proposed testimony.  The plaintiff shall show cause in writing
> why the jury should not be instructed at the outset of the case—and
> consistent with the Court's prior Order—that the maximum recovery
> allowable in this case is $1500. "

            I directed the foregoing to be filed by July 6 and noted that the failure to

do so "will result in dismissal of plaintiff's complaint."  Plaintiff has failed to comply or

explain his failure to do so.

            Dismissing an action for failure to prosecute is a "harsh remedy to be

utilized only in extreme situations. . . ." Minnette v. Time Warner, 997 F.2d 1023, 1027

(2d Cir. 1993).  In weighing dismissal as a remedy the Court should consider whether:

"(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). See Lewis v. Rawson, 564 F.3d 569 (2d Cir. 2009).

In the Order, plaintiff was explicitly warned that "[f]ailure to comply fully will result in dismissal of plaintiff's complaint." More than a month has passed since the July 6 deadline set by the Court and plaintiff has failed to comply. Because no request for an extension has been made, there is no prospect that compliance will be forthcoming. Defendants called plaintiff's non-compliance to the Court's attention in a letter dated July 28 and received by the Court on July 31on which plaintiff was copied.

Plaintiff has been on meaningful notice of that the sanction for non-compliance is dismissal. Lesser sanctions would not likely be effective because, faced with the ultimate sanction of dismissal, there has been no compliance by plaintiff.

The Court's Order was well within its case management authority. See Rules 1, 16 and 26(a)(3), Fed. R. Civ. P. Plaintiff's right to his day in Court has been carefully balanced against the need to "alleviate court calendar congestion". U.S. ex rel. Drake, 375 F.3d at 254. I do not understand that there need be a demonstrably adverse impact upon an individual judge's trial calendar for this factor to weigh in favor of dismissal; it is sufficient that the delay significantly disrupts the orderly progress of the case to trial. Defendants have been and continued to be prejudiced by the delay because they have suffered and continue to suffer the cost of defending a claim with the prospect

-3-

of damages not exceeding $1,500 which has been prosecuted in a belligerent and non-compliant manner.

Based upon the foregoing and a review of the entirety of the record, the action is dismissed for failure to prosecute and failure to comply with a Court Order. The Clerk is directed to enter final judgment for the defendants.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 11, 2009